825 F.2d 411
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert J. KONDRAT, Plaintiff-Appellant,
v.
Ann ALDRICH, Byron & Cantor, Weston, Hurd, Fallon, Paisley &
Howley, Defendants-Appellees.
 No. 86-4142
 United States Court of Appeals, Sixth Circuit.
 Aug. 4, 1987.
 
 ORDER
 Before ENGEL, MERRITT and KRUPANSKY, Circuit Judges.
 
 
 1
 This case has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff initiated this action in the district court pursuant to 42 U.S.C. Sec. 1983 alleging that United States District Judge Ann Aldrich and two law firms conspired to produce a decision adverse to him in a prior case before Judge Aldrich. The district court initially dismissed the case sua sponte for failure to state a claim cognizable under Sec. 1983, but this court vacated the dismissal and remanded the case for further proceedings pursuant to Tingler v. Marshall, 716 F.2d 1109 (6th Cir. 1983), because a cause of action under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971) may be cognizable.
 
 
 3
 Upon remand, plaintiff filed an amended complaint in which he voluntarily dismissed Judge Aldrich as a defendant. The district court again dismissed the complaint because plaintiff did not state facts upon which it could find a conspiracy. After a careful examination of the record and briefs, we agree.
 
 
 4
 Plaintiff's allegations of misconduct in the previous case are conclusory and do not implicate Judge Aldrich in any wrongdoing. The fact that plaintiff was unsuccessful in the prior lawsuit does not, without more, support the contention that a conspiracy involving the judge existed. Dennis v. Sparks, 449 U.S. 24, 28 (1980). Plaintiff's conclusion to the contrary is insufficient to withstand a motion to dismiss. See e.g., Smith v. Rose, 760 F.2d 102 (6th Cir. 1985); Place v. Shepherd, 446 F.2d 1239 (6th Cir. 1971). Absent sufficient allegations of a conspiracy involving Judge Aldrich, a Bivens-type action cannot be maintained against the remaining defendants. Winterland Concessions Co. v. Trela, 735 F.2d 257, 262 (7th Cir. 1984).
 
 
 5
 Therefore, the district court's order of dismissal was proper, and accordingly, is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.