Richard L. TINGLER, Jr.,
Plaintiff-Appellant,

v.

Ronald MARSHALL, Defendant-Appellee.

No. 81–3017.

United States Court of Appeals,
Sixth Circuit.

Argued May 23, 1983.

Decided Sept. 15, 1983.

---

Richard L. Tingler, Jr., pro se.

Dexter W. Clark, Rocky River, Ohio, Steven M. Fitten (argued), Dayton, Ohio, for plaintiff-appellant.

Joseph C. Mastrangelo, Asst. Atty. Gen., Columbus, Ohio, for defendant-appellee.

Before CONTIE, Circuit Judge, BROWN, Senior Circuit Judge, and NEESE, Senior District Judge.*

---

* The Honorable C.G. Neese, Senior Judge, retired U.S. District Judge for the Eastern District of Tennessee, sitting by designation.

1. The district court's order is reproduced in full below:

This matter is before the Court for consideration of a complaint pursuant to 42 U.S.C. § 1983. In his complaint plaintiff complains of restrictions placed upon visitors to him at the Southern Ohio Correctional Institution.

CONTIE, Circuit Judge.

The question before us is whether the district court's *sua sponte* dismissal of the plaintiff's complaint on the merits, prior to service of the complaint upon the defendant and without providing the plaintiff an opportunity to amend his complaint or otherwise respond, was proper. We adhere to our previous statements in *Brown v. Strickler,* 422 F.2d 1000 (6th Cir.1970) and *Martin v. Johnson,* 471 F.2d 704 (6th Cir.1973) that such *sua sponte* dismissals are not favored and we vacate the district court's judgment and remand the case.

I.

On November 25, 1980, the plaintiff, a prisoner at the Southern Ohio Correctional Facility, filed a 42 U.S.C. § 1983 action alleging that his constitutional rights had been infringed by the prison's policy of conducting random strip searches of prison visitors. The plaintiff's *pro se* complaint alleged that a female visitor of his was compelled to submit to a random strip search. The plaintiff contended that such searches, unsupported by probable cause, constituted an unreasonable restriction upon his right to free association. He sought declaratory and injunctive relief.

The same day that the complaint was filed, the district court dismissed the action *sua sponte* on the ground that the restrictions upon visitors were proper under *Bell v. Wolfish,* 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979).[1] The complaint was not served upon the defendant and the parties were not notified of the district court's intention to dismiss the complaint.

II.

Though the parties briefed and argued several issues before this court, we

The Supreme Court of the United States in *Bell v. Wolfish,* 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979) has determined that matters such as this reside within the sound discretion of the prison authorities and do not give rise to a complaint under 42 U.S.C. § 1983.

Based upon such authority the complaint herein is hereby DISMISSED.

only address the plaintiff's claim that the district court's *sua sponte* dismissal of his complaint was improper. We first note that since the district court dismissed this action on the merits, we have no occasion to consider the propriety of *sua sponte* dismissals of *in forma pauperis* claims as frivolous under the 28 U.S.C. § 1915(d).[2] Nor do we address the propriety of *sua sponte* dismissals for failure to prosecute, *see, e.g., Lyles v. Commercial Lovelace Motor Freight, Inc.,* 684 F.2d 501 (7th Cir.1982), or *sua sponte* dismissals in cases where the district court clearly lacks jurisdiction. *See Brown v. Strickler,* 422 F.2d 1000 (6th Cir. 1970). Rather, the narrow issue which we address involves *sua sponte* dismissals on the merits, prior to service of the complaint and without notice of the proposed dismissal to the plaintiff to allow him to respond.

Such *sua sponte* dismissals are not in accordance with our traditional adversarial system of justice because they cast the district court in the role of "a proponent rather than an independent entity." *Franklin v. State of Oregon, State Welfare Division,* 662 F.2d 1337, 1342 (9th Cir.1981). Moreover, such dismissals are not favored because they are unfair to the litigants and ultimately waste, rather than save judicial resources. *Id. Lewis v. State of New York,* 547 F.2d 4 (2d Cir.1976).

Plaintiffs are prejudiced by the procedure followed by the district court in this case because, unlike with motions to dismiss filed by defendants, they have no opportunity to amend their complaints or make legal arguments against the dismissal. The prejudice is particularly acute with respect to *pro se* plaintiffs, like the plaintiff in this case, who are generally unskilled in the art of pleading.

*Sua sponte* dismissals without service or notice are likewise unfair to defendants because they deny defendants "the full panoply of litigation strategies available to the typical defendant." *Lewis,* 547 F.2d at 6. In these cases, the defendants must, on appeal, choose between not participating,[3] *see Lewis, supra,* or, as in this case, making arguments based upon factual assertions which are not in the record. Such facts are not in the record since the defendant was never served with the complaint and did not have the opportunity to file an answer or any other pleadings.

Finally, the *sua sponte* dismissal, most likely intended by the district court as a device for judicial economy, actually results in the waste of judicial resources. *Lewis,* 547 F.2d at 4. This action was filed and dismissed in 1980 and now, over two years later, we are faced with an appeal which has no record other than the plaintiff's complaint and the district court's brief order dismissing the case. The lack of any factual record not only hampers the defendant in making his most effective arguments but also prevents us from making any decision except one based upon broad legal grounds. For example, the defendant argues that the plaintiff's complaint is invalid because his female visitor was not selected randomly to be searched but rather was only searched after she failed to pass a metal detector test. The defendant also maintains that the plaintiff's right to visitation, if in fact he has such a right, was not substantially affected since his female visitor visited him 44 times after she was searched. These facts, if proven, may have provided the basis for dismissal of the plaintiff's complaint on narrow grounds.[4] Since such facts are not in the record, however, we

---

**2.** We recently noted that "[f]rivolity, like obscenity, is often difficult to define." *WSM, Inc. v. Tennessee Sales Co.,* 709 F.2d 1084 (6th Cir.1983). However in *Malone v. Colyer,* 710 F.2d 258 (6th Cir.1982), we did accept the difficult task of defining when an action is "frivolous" within the meaning of 28 U.S.C. § 1915(d).

**3.** If the defendants do not participate, the court of appeals is faced with an appeal in which only the appellant participates. Such an occurrence hampers the court's ability to make a reasoned decision because there is no adversarial presentation.

**4.** We cite the defendant's arguments only to illustrate the possibility that a decision could have been rendered on narrow grounds. We make no comment on the validity of those arguments.

may only affirm the district court's decision on the broadest legal grounds. Because such decision-making is inconsistent with the proper function of an appellate court, we are compelled to remand the case to the district court.

█ Under our supervisory power, we hold that a district court faced with a complaint which it believes may be subject to dismissal must: (1) allow service of the complaint upon the defendant; (2) notify all parties of its intent to dismiss the complaint; (3) give the plaintiff a chance to either amend his complaint or respond to the reasons stated by the district court in its notice of intended *sua sponte* dismissal; (4) give the defendant a chance to respond or file an answer or motions; and (5) if the claim is dismissed, state its reasons for the dismissal.

The judgment of the district court is VACATED and the case is REMANDED for further proceedings consistent with this opinion. We intimate no view on the merits of the plaintiff's claim.

NEESE, Senior (retired District) Judge, concurring.

As the District Judge's decision is vacated and this matter remanded under the supervisory powers of this Court, I concur, understanding, as I do, that the majority finds in the complaint a claim by this prisoner of an unreasonable restriction by his custodians upon his right to free association under the Constitution, First Amendment.