762 F.2d 1010
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JAMES E. RAY, PLAINTIFF-APPELLANT.
v.
WILLIAM H. WILLIAMS, ET AL., DEFENDANTS-APPELLEES.
 NO. 83-5794
 United States Court of Appeals, Sixth Circuit.
 3/20/85
 
 ORDER
 BEFORE: ENGEL and KENNEDY, Circuit Judges; and GIBSON, Senior Circuit Judge.*
 
 
 1
 This appeal has been referred to a panel, of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record and the briefs filed by the parties, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 James Earl Ray is appealing from the district court's sua sponte dismissal of his complaint which alleged that the Clerk of Criminal Court in Shelby County, Tennessee, is unconstitutionally withholding a transcript relevant to the Martin Luther King Jr. homicide. Specifically, he alleges that the transcript concerns a hearing where Charles Quitman Stephens was incarcerated, on July 22, 1968, as a material witness in the King homicide. The district court dismissed the case on the basis of the law of the case doctrine and for failure to exhaust state court remedies. In addition, the district court denied the appellant's motion for a new trial. The appellant contends that his right of equal access to the courts is being violated.
 
 
 3
 Initially, it is noted that the district court, in dismissing the case, did not follow the procedure set forth in Tingler v. Marshall, 716 F.2d 1109 (6th Cir. 1983). In this context it is relevant to note that the district court probably did not have the benefit of the Tingler decision as it was decided only a few days before the decision in this case. Additionally, this case is distinguishable from Tingler because the appellant was afforded an opportunity to present legal arguments against the dismissal in his motion for new trial and the defendants are represented on appeal. Therefore, on the specific facts of this case, the failure to follow the procedure outlined in Tingler does not require reversal.
 
 
 4
 The District Court does not appear to have considered that petitioner was not asking for free transcript. Petitioner alleges that he offered to pay for it. Generally, there is a right to inspect and copy public records and documents, including judicial records and documents. Nixon v. Warner Communications Inc., 435 U.S. 589, 598 (1978). The defendants in district court were not afforded an opportunity to respond to appellant's complaint. However, there appears to be an issue concerning whether respondents refused to permit petitioner to purchase a copy of the transcript as well as whether the transcript in fact exists. The case was prematurely dismissed.
 
 
 5
 Accordingly, the judgment of the district court is vacated and this case is remanded to the district court to proceed on the merits.
 
 
 
 *
 The Honorable Floyd R. Gibson, Senior Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation