762 F.2d 1009
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
SAMUEL B. MANGIOPANE, PLAINTIFF-APPELLANT,
v.
RICHARD P. SEITER; RONALD C. MARSHALL; PAUL BLAIR; LTD.
KEETON AND CAMPBELL, DEFENDANTS-APPELLEES.
 NO. 84-3058
 United States Court of Appeals, Sixth Circuit.
 4/16/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO
 BEFORE: MERRITT and MILBURN, Circuit Judges; GILMORE, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff Samuel Mangiopane appeals the decision of the district court dismissing sua sponte his claims under 42 U.S.C. Sec. 1983 as frivolous on the basis of 28 U.S.C. Sec. 1915(d). For the reasons hereinafter stated, we remand this case to the district court.
 
 I.
 
 2
 Plaintiff Mangiopane is an inmate at the Southern Ohio Correctional Facility in Lucasville. On July 4, 1983, he and another inmate named Cole were involved in an altercation in the prison gymnasium. Both plaintiff and Cole were cited for fighting, and on July 6, 1983, the Rules Infractions Board ('RIB') conducted separate disciplinary hearings. Cole's hearing was conducted first during which Cole testified that he struck Mangiopane in self-defense because Mangiopane was 'pressing him for sex.' Based upon Cole's assertion that Mangiopane was the aggressor even if he did not strike the first blow, the RIB found Cole 'not guilty' of fighting.
 
 
 3
 The plaintiff's hearing followed. The RIB never supplemented the conduct report charging plaintiff and Cole with fighting thereby apprising plaintiff of Cole's version of the fighting incident, and as a result, plaintiff never addressed Cole's accusation. The plaintiff testified in his own behalf and presented the testimony of a third inmate who had witnessed the fighting. The RIB found the plaintiff guilty of the charge of fighting and ordered the plaintiff to serve ten (10) days of disciplinary segregation.
 
 
 4
 Following the imposition of the penalty, plaintiff was given the RIB's disposition sheet. The plaintiff alleges that this sheet contained the notation that Cole, during his disciplinary hearing, asserted that plaintiff was 'pressing Cole for sex' prior to the commencement of their fight. Plaintiff alleges that he was not aware of Cole's version of the fighting incident until he read that notation and thus was denied an opportunity to present testimony refuting the allegation and, further, that the RIB's action in finding Cole innocent prior to hearing the plaintiff's testimony ipso facto determined the plaintiff's guilt prior to a hearing on the matter.
 
 
 5
 Following various administrative appeals, Mangiopane filed an action in district court seeking an injunction to compel his immediate release from the administrative control unit and monetary damages for injuries resulting from his alleged wrongful detention.[1] Mangiopane alleges that he was denied due process of law because he was not given fair notice of the charge and the evidence to be used against him, because he was denied the right to call witnesses on his own behalf and because the RIB had prejudged his guilt by conclusively relying upon information not presented at his disciplinary hearing. Upon filing his complaint in the district court, the court granted the plaintiff's motion for leave to proceed in forma pauperis and simultaneously dismissed plaintiff's action under 28 U.S.C. Sec. 1915(d).
 
 II.
 
 6
 The plaintiff argues: (1) that he had a protected liberty interest in remaining in the general prison population by virtue of Ohio Prison Regulations, (2) that his complaint sufficiently alleged a denial of the process he was due, and (3) that his due process claim is not frivolous because, if proved, the facts alleged in his complaint would establish a violation of the Fourteenth Amendment.
 
 
 7
 The plaintiff's complaint alleged procedural rather than substantive defects in the disciplinary proceedings conducted by the Prison Rules Infractions Board and, therefore, it was not necessary for the district court to reweigh the testimony of the witnesses as it supposed in its sua sponte order dismissing the plaintiff's action. From a review of the plaintiff's complaint, we cannot conclude that the plaintiff's claim for damages is frivolous under Hewitt v. Helms, 459 U.S. 460, 103 S.Ct. 864 (1983), and Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963 (1974). Accordingly, under Tingler v. Marshall, 716 F.2d 1109 (6th Cir. 1983), the judgment of the district court is vacated, and this case is remanded for further proceedings consistent with this opinion. We intimate no view on the merits of the plaintiff's claim, and would inform the district court that the Supreme Court has granted certiorari to review the decision of the Seventh Circuit in Saxner v. Benson, 727 F.2d 669 (7th Cir. 1984), cert. granted sub nom Cleavinger v. Saxner, ---- U. S. ----, 53 U.S.L.W. (BNA) 3585 (February 19, 1985) (No. 84-732), in order to consider the question: 'Are members of a prison disciplinary committee, who adjudicate cases in which inmates are charged with rules infractions, entitled to absolute immunity from personal damages liability for actions taken in that quasi-judicial capacity?'
 
 
 8
 VACATED and REMANDED.
 
 
 
 *
 The Honorable Horace W. Gilmore, Judge, United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 At oral argument before this court on March 15, 1985, plaintiff's attorney conceded that the injunction claim is, of course, now moot