765 F.2d 146
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MILTON PATTON, ET AL., PLAINTIFFS, GREGORY WALTON, PLAINTIFF-APPELLANT,
v.
CARL SCRUGGS, ET AL., DEFENDANTS-APPELLEES.
 NO. 83-5707
 United States Court of Appeals, Sixth Circuit.
 5/13/85
 
 ORDER
 BEFORE: KEITH and MARTIN, Circuit Judges; and EDWARDS, Senior Circuit Judge.
 
 
 1
 This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record and the briefs filed by the parties, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Gregory Walton appeals from the sua sponte dismissal of his Bivens type action for failure to state a claim. The action is based upon the appellant's allegations that the appellees unconstitutionally enticed and solicited his participation is food stamp fraud and that the appellees unconstitutionally selectively prosecuted the fraud case. The selective prosecution is alleged to be based upon race.
 
 
 3
 Where a district court intends to enter a sua sponte dismissal for failure to state a claim, the court must give the plaintiff notice of the intended dismissal and give the plaintiff a chance to amend the complaint; if the claim is dismissed, the court must state the reasons for dismissal. Morrison v. Tomano, No. 83-3626 (6th Cir. Slip Op., March 1, 1985); Tingler v. Marshall, 716 F.2d 1109 (6th Cir. 1983). The district court gave the reasons for dismissal, but did not give the appellant notice of the impending dismissal or offer a chance to amend the complaint.
 
 
 4
 Accordingly, it is ORDERED that the case be remanded to the district court pursuant to Rule 9(d)(4), Rules of the Sixth Circuit.