786 F.2d 1163
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JIMMY BURDEN, Plaintiff-Appellant,
v.
DALE FOLTZ, TRANSPORTATION SARGENT BEACON, MEDICAL DIRECTOR
JACOBSON, Defendants-Appellees.
 85-1728
 United States Court of Appeals, Sixth Circuit.
 2/12/86
 
 1
 E.D.Mich.
 
 AFFIRMED
 ORDER
 
 2
 BEFORE: KEITH and MARTIN, Circuit Judges and RUBIN, District Judge*.
 
 
 3
 This matter is before the Court on the appellant's motion for appointment of counsel on appeal from the district court's summary judgment, entered on appellant's prisoner civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and informal brief, this panel unanimously agrees that oral argument is unnecessary. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 4
 On December 14, 1983, appellant, an inmate at Marquette Branch Prison, filed his complaint, alleging that, while incarcerated at the State Prison of Southern Michigan, he was assaulted by Warden Foltz, that he was refused medical treatment and that some of his personal property was stolen by prison personnel in retaliation for filing law suits. The defendants responded to the complaint by filing a motion to dismiss or for summary judgment, accompanied by an affidavit which established that most of appellant's property had been returned to him and the remainder would be transferred from State Prison of Southern Michigan to Marquette when located. The defendant Foltz submitted an affidavit in which he avers that he did not assault appellant.
 
 
 5
 The matter was referred to a magistrate, who, pursuant to Tingler v. Marshall, 716 F.2d 1109 (6th Cir. 1983) directed appellant to respond to appellee's motion to dismiss. Appellant did so, but the response did not clarify the facts giving rise to his complaint. He submitted to additional documentation to support his claims. The district court entered summary judgment for defendant Foltz and dismissed the complaint.
 
 
 6
 The district court correctly dismissed the complaint against defendant Beacon since he was unknown to State Prison of Southern Michigan. Appellant's property has apparently been returned to him and was missing for only a short time as a result of appellant's transfer. Likewise, the complaint was properly dismissed as to defendant Jacobson since appellant did not allege that Jacobson was directly involved in denying appellant medical treatment. Hays v. Jefferson County, Kentucky, 668 F.2d 869 (6th Cir.), cert. denied, 459 U.S. 833 (1982).
 
 
 7
 With respect to the district court granting summary judgment in favor of defendant Foltz, appellant's failure to file any responsive documentation to the affidavits tendered by defendant Foltz rendered the case for summary judgment since there was no genuine issue of material fact. Rule 56(e), Federal Rules of Civil Procedure. The documentation of record is that defendant Foltz did not assault appellant. Since appellant failed to respond to the affidavits filed by Foltz so as to controvert the facts stated therein, those facts stood uncontroverted of record and appellant could not thereafter rely on his allegations to establish the existence of a genuine issue of fact. R.E. Cruise, Incorporated v. Bruggeman, 508 F.2d 415 (6th Cir. 1975); Ghandi v. Police Department of City of Detroit, 747 F.2d 338 (6th Cir. 1984).
 
 
 8
 It appears that the question on which this cause depends are so unsubstantial as to not need further argument. Rule 9(d)(3), Rules of the Sixth Circuit. Therefore, it is ordered that the motion for appointment of counsel be denied and the final judgment of the district court be affirmed.
 
 
 
 *
 The Honorable Carl B. Rubin, Chief U.S. District Judge for the Southern District of Ohio, sitting by designation