871 F.2d 1089
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Shomari A. ZUBERI; Michael R. Moore; Raymond Otha Jackson;
Ronald D. Collier; Johnny D. Williams-Bey;
Plaintiffs-Appellants,
Jabari Issa Mandela; Darry Lee Mitchell, Plaintiffs,
v.
Gretchen FAULSTICH; Charles Traughber; Linda Miller; Tom
Biggs; Donna Blackburn, Defendants-Appellees.
 No. 88-6403.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1989.
 
 Before KRUPANSKY and WELLFORD, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The appellants, four pro se Tennessee prisoners, seek appointment of counsel in their appeal from the district court's sua sponte dismissal of their 42 U.S.C. Sec. 1983 civil rights suit.
 
 
 3
 Seeking declaratory and injunctive relief as well as compensatory damages, the plaintiffs sued Tennessee Board of Paroles (Board) members, claiming that Tennessee's statutory parole scheme as applied by the Board violated their equal protection and procedural due process rights. The district court concluded that their claims impacted on the fact or duration of their confinement and thus should have been raised in a 28 U.S.C. Sec. 2254 habeas petition. The district court declined to construe the complaint as a habeas petition, and dismissed the suit.
 
 
 4
 The plaintiffs filed a time-tolling Fed.R.Civ.P. 59(e) motion for reconsideration, in which they attempted to amend the suit by requesting deletion of all claims for relief except compensatory damages. The motion was summarily denied.
 
 
 5
 On appeal, appellants argue that the dismissal violated the standard for sua sponte dismissal as stated in Tingler v. Marshall, 716 F.2d 1109 (6th Cir.1983), particularly in denying their attempt to amend their complaint.
 
 
 6
 A district court may not sua sponte dismiss a pro se plaintiff's suit unless it first gives the plaintiff the opportunity to amend or correct the deficiencies in the complaint or unless it dismisses the suit as frivolous pursuant to 28 U.S.C. Sec. 1915(d) and expressly cites to Sec. 1915(d) in its order. See Harris v. Johnson, 784 F.2d 222, 223-24 (6th Cir.1986); Tingler, 716 F.2d at 111. In the instant case, the plaintiffs were not given an opportunity to amend, nor was Sec. 1915(d) specifically cited by the district court in its order of dismissal.
 
 
 7
 Therefore, the case is remanded for the district court to reconsider in light of Tingler. We, of course, make no judgment on the merits of plaintiffs' complaint, or on the attempted amendment. Accordingly, the judgment of the district court is vacated and this case is hereby remanded for further proceedings in accordance herewith. Rule 9(b)(6), Rules of the Sixth Circuit.