875 F.2d 863
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kathleen GIORGIO, Plaintiff-Appellant,
v.
HOWMET CORPORATION, Defendant-Appellee.
 No. 88-6158.
 United States Court of Appeals, Sixth Circuit.
 May 23, 1989.
 
 Before MILBURN and DAVID A. NELSON, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Kathleen Giorgio, a Tennessee plaintiff, appeals pro se from the order dismissing her diversity contract action for failure to state a claim, and from a prior order granting partial summary judgment to the defendant. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Plaintiff alleged that defendant had promised her employment, in reliance on which she had moved from New Jersey to Tennessee, only to be told that there was no opening for her. She sought compensatory and punitive damages based on claims of breach of oral contract, estoppel and misrepresentation. The district court granted summary judgment to defendant on the breach of contract claim, but denied it as to the remaining claims. Following discovery, defendant again moved for summary judgment, arguing that the element of reliance was absent from both of the remaining claims. The second motion was also denied. Thereafter, the district court entered an order sua sponte dismissing the case for failure to state a claim, based on the conclusion that neither estoppel nor misrepresentation could arise from a declaration regarding future intent as opposed to a past or present fact.
 
 
 3
 Upon consideration, we conclude that summary judgment was properly entered on the breach of contract claim, as the alleged contract was one for employment at will, terminable at any time without incurring a breach. See Price v. Mercury Supply Co., Inc., 682 S.W.2d 924 (Tenn.App.1984).
 
 
 4
 However, the order dismissing the remaining two claims must be vacated and remanded, as the district court did not afford the plaintiff notice of its intent to dismiss or an opportunity to respond, as required by Tingler v. Marshall, 716 F.2d 1109, 1112 (6th Cir.1983). See also Fed.R.Civ.P. 56(c); Harrington v. Vandalia-Butler Bd. of Educ., 649 F.2d 434, 436-37 (6th Cir.1981).
 
 
 5
 Accordingly, the order of partial summary judgment is hereby affirmed, the order of dismissal is vacated, and the case is remanded for further consideration. Rule 9(b)(5) and (6), Rules of the Sixth Circuit.