914 F.2d 1493
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Sonny Boy WEBB, Plaintiff-Appellant,
v.
ENVIRONMENTAL PROTECTION AGENCY, Lee M. Thomas, William
Reilly, Defendants-Appellees.
 No. 90-2106.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 27, 1990.
Decided Sept. 27, 1990.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Durham. Richard C. Erwin, Chief District Judge. (CA-89-18-D-C)
 Sonny Boy Webb, appellant pro se.
 Harry L. Hobgood, Assistant United States Attorney, Greensboro, N.C., for appellees.
 M.D.N.C.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before SPROUSE and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Sonny Boy Webb instituted this action under Title VII of the Civil Rights Act of 1964, alleging race, religion, and handicap discrimination in his employment from 1976 to 1985. The defendant, the Environmental Protection Agency, filed a motion to dismiss under Fed.R.Civ.P. 12(b) as to all claims which were based upon events prior to 1985 because Webb had failed to exhaust his administrative remedies as to those claims.* The district court granted the defendant's motion and also dismissed, sua sponte, the remainder of the complaint for failure to state a claim upon which relief could be granted.
 
 
 2
 Although we agree with the district court's dismissal of claims relating to events prior to 1985, the court erred in dismissing the remainder of the complaint. If a court concludes that a complaint should be dismissed sua sponte for failure to state a claim, the parties must be given both notice of the court's intention and an opportunity to respond. Ricketts v. Midwest Nat'l Bank, 874 F.2d 1177 (7th Cir.1989). See also Tingler v. Marshall, 716 F.2d 1109 (6th Cir.1983); Bayron v. Trudeau, 702 F.2d 43 (2d Cir.1983); Jefferson Fourteenth Assoc. v. Wometco de Puerto Rico, Inc., 695 F.2d 524 (11th Cir.1983).
 
 
 3
 Therefore, we affirm the dismissal of the pre-1985 claims based on the reasoning of the district court. However, we vacate the order of the district court dismissing the remainder of the complaint and remand in order to give Webb an opportunity to respond to the court's intention to dismiss.
 
 
 4
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 
 
 
 *
 Apparently, Webb did not file a formal complaint with the Equal Employment Opportunity Commission until January 1986, based upon his job reclassification which occurred in October 1985