932 F.2d 967
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jimmy BURDEN, Plaintiff-Appellant,
v.
MICHIGAN DEPARTMENT OF CORRECTIONS, Defendant-Appellee.
 No. 90-1438.
 United States Court of Appeals, Sixth Circuit.
 May 10, 1991.
 
 Before DAVID A. NELSON and SUHRHEINRICH, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Jimmy Burden, a pro se Michigan prisoner, filed a complaint and petition for habeas corpus in the district court, making various allegations about the conditions of his confinement and simply maintaining that he is not guilty of the offense for which he is incarcerated.[1] The district court dismissed the complaint, sua sponte, for being inadequate.
 
 
 2
 Generally, a district court may not dismiss a suit sua sponte without giving the plaintiff the opportunity to correct a deficiency, unless dismissing the complaint as frivolous pursuant to Sec. 1915(d). Harris v. Johnson, 784 F.2d 222, 224 (6th Cir.1986); Tingler v. Marshall, 716 F.2d 1109, 1111-12 (6th Cir.1983). However, this requirement is inapplicable to sua sponte dismissals for lack of jurisdiction. See Tingler, 716 F.2d at 1111.
 
 
 3
 A complaint may be dismissed for lack of subject matter jurisdiction when the allegations are completely attenuated, implausible, or unsubstantial. Hagans v. Levine, 415 U.S. 528, 536-37 (1974).
 
 
 4
 Plaintiff's complaint and appeal are almost incomprehensible. Apparently, he is asserting that he has been assaulted and harassed by other inmates with the encouragement of staff members, and that he is currently being held illegally in segregation. We find plaintiff's allegations so attenuated and incomprehensible that the court is without jurisdiction over the "claim."
 
 
 5
 Plaintiff's petition for a writ of habeas corpus alleges only, "I'm not guilty. I showed the jury that." Plaintiff does not allege any constitutional deprivations. We also find plaintiff's allegation for relief so attenuated as to deprive the district court and this court of jurisdiction.
 
 
 6
 We, accordingly, AFFIRM the dismissals of Burden's complaint and habeas corpus petition.
 
 
 
 [1]
 Burden was convicted of armed robbery on September 30, 1983