972 F.2d 350
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carlos A. WILLIAMS, Plaintiff-Appellant,
v.
Robert E. LECUREUX, et al., Defendants-Appellees.
 No. 92-1101.
 United States Court of Appeals, Sixth Circuit.
 Aug. 18, 1992.
 
 Before MERRITT, Chief Judge, and MILBURN and RALPH B. GUY, Jr., Circuit Judges.
 
 ORDER
 
 1
 Carlos A. Williams, pro se, appeals the dismissal of his civil rights suit filed under 42 U.S.C. § 1983. The defendants have chosen not to file a brief. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed.
 
 
 2
 The defendants include the warden, several correctional officers and two hearings administrators employed at the Kinross Correctional Facility in Kincheloe, Michigan. In his complaint, Williams alleged: 1) the defendants confiscated a small metal "plaque" from his cell after the defendants "falsely construed" the plaque to be a "nametag" of which possession is considered to be illegal under prison policy; 2) that thereafter, the defendants filed a misconduct report based on this alleged contraband and confiscated the plaque out of "vindictiveness for the lawsuit plaintiff had filed against defendants Lecureux and Metrish," and other complaints lodged against defendant Sibold, which persons are employees at the Kinross Correctional Facility where Williams was housed at the time of the alleged incident; 3) that as a result of the hearing conducted after the misconduct report, Williams was unconstitutionally denied three days of privileges at the facility; and 4) the defendants, thereafter, attempted to cover up their wrongdoing by delaying Williams's outgoing mail and, thus, had "effectively circumvented the administrative appeal process/remedy."
 
 
 3
 This court concludes that the district court's order dismissing this complaint should be affirmed, but for reasons other than those stated by the district court. Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990). Because the plaintiff has had an opportunity to amend or correct deficiencies in his complaint after the magistrate judge issued a report and recommendation in this case, the claim will be analyzed, on appeal, under a standard of review applicable to dismissals under Fed.R.Civ.P. 12(b)(6). Cf. Tingler v. Marshall, 716 F.2d 1109, 1111-12 (6th Cir.1983). The district court's decision to dismiss this suit is then a question of law subject to de novo review, and this court must construe the complaint in a light most favorable to the plaintiff, accepting all factual allegations as true to determine whether the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 111 S.Ct. 182 (1990). However, this court need not accept legal conclusions and unwarranted factual inferences. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987).
 
 
 4
 On appeal, Williams specifically retracts any claim that the religious plaque confiscated from his photo album represented his status or association with the Melanic religion or any other religious association. Thus, the relative issue has been reduced to one of an alleged confiscation of personal property without due process. This particular claim may be dismissed, as Williams has not shown that an adequate post-deprivation remedy is not available under Michigan law for either conversion or theft of this personal property by the defendants. Parratt v. Taylor, 451 U.S. 527 (1981); Barnier v. Szentmiklosi, 810 F.2d 594, 599-600 (6th Cir.1987); Wagner v. Higgins, 754 F.2d 186, 191-92 (6th Cir.1985).
 
 
 5
 Williams's argument that he was denied due process because the minor misconduct hearing was "arbitrarily" conducted after he was charged with minor misconduct for possession of the nametag as contraband, is likewise without merit. The record reveals that the officials adequately responded to accusations that the plaque was not banned under prison policy and there is no indication that Williams was denied any due process in the grievance procedure. The evidence does support the prison disciplinary board's finding of guilt and its subsequent decision to impose the three-day loss of privileges. See Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455-56 (1985). Furthermore, this court will not interfere with the discretion of prison authorities to define offenses under their internal rules and to assign offenses in particular cases. Turney v. Scroggy, 831 F.2d 135, 139-40 (6th Cir.1987). The fact that prior shakedowns had occurred in Williams's cell prior to the confiscation is not evidence that the confiscation of that same property at a later time was retaliatory in nature, or that any of the defendants "falsely fabricated" a misconduct ticket based on the contraband found.
 
 
 6
 Similarly, the record does not support Williams's allegation that he was denied meaningful appeal, either through administrative channels or through judicial remedies. The record contains the original "client appeal of minor misconduct" form completed by Williams, himself, and defendant Metrish. The evidence Williams presents does not support his argument that certain officials did not timely accept his request for rehearing. Therefore, it has not been shown that any officials named in this suit intentionally or negligently refused to timely receive any request that he had filed. Williams's allegation that his mail was tampered with before leaving the Kinross facility does not support his complaint, because Williams admits that the officials corrected any deficiency in the address on the outside of the documents to be mailed, and that these documents were, indeed, mailed within ten days of their receipt by prison officials. Lastly, Williams did not allege or show that he was prejudiced in any way by failure to meet any court deadline or failure to reach the courts in order to pursue any claim that he may have had. Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985).
 
 
 7
 Accordingly, the district court order dismissing this complaint is hereby affirmed, and his request for the appointment of counsel is hereby denied. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 ENTERED BY ORDER OF THE COURT
 Clerk