12 F.3d 213
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Earl McFALL, Plaintiff-Appellant,
v.
Billy WELLMAN, et al., Defendants-Appellees.
 No. 93-5882.
 United States Court of Appeals, Sixth Circuit.
 Dec. 15, 1993.
 
 Before: KEITH and JONES, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Earl McFall, a pro se Kentucky prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking declaratory and monetary relief, McFall sued officials and employees of the Kentucky Corrections Cabinet in their individual capacities. The district court construed his complaint as alleging that his Fourteenth Amendment due process rights were violated when: (1) he was found guilty and disciplined on charges of loan sharking even though he is innocent; (2) he did not receive 24-hour notice of his appearance before the prison Adjustment Committee; (3) the Adjustment Committee relied upon insufficient evidence (a corrections officer's statement) in finding him guilty; and (4) the defendants conspired against him and violated unspecified sections of the Kentucky Corrections Cabinet's policy and procedures by denying him an opportunity to file an appeal of a misconduct charge. He also alleged that he has been denied access to the courts and that his Eighth Amendment rights were violated because on one occasion there was insufficient heat in his cell and, on another, he had to wait all day to get cold pills.
 
 
 3
 A magistrate judge recommended dismissing the case pursuant to 28 U.S.C. Sec. 1915(d). Upon de novo review in light of McFall's objections, the district court adopted the magistrate judge's report and dismissed the case.
 
 
 4
 His rambling pro se brief on appeal is construed as arguing those claims which he raised in the district court. He has filed a motion for default judgment in which he also requests the appointment of counsel, to amend his cause of action, and for attorney fees. The appellees have notified the court that they will not file a brief.
 
 
 5
 Initially, we note that McFall's complaint may state an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). Nonetheless, because McFall was given notice and had an opportunity to correct the deficiencies in his complaint by the magistrate judge, we construe the judgment as a dismissal under Fed.R.Civ.P. 12(b)(6). Cf. Tingler v. Marshall, 716 F.2d 1109, 1111-12 (6th Cir.1983).
 
 
 6
 Upon liberal review of the complaint and accepting all the factual allegations as true, we conclude that McFall could prove no set of facts in support of his claims that would entitle him to relief. Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990).
 
 
 7
 Accordingly, we deny all pending motions and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.