51 F.3d 272
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerome MORTON, Plaintiff-Appellant,
v.
Eugene F. JONES; Sue Walkup; Robert G. Redman, Warden,
Individually and Severally, Defendants-Appellees.
 No. 94-2154.
 United States Court of Appeals, Sixth Circuit.
 April 5, 1995.
 
 1
 Before: MERRITT, Chief Judge; SILER, Circuit Judge, and EDMUNDS, District Judge.*
 
 ORDER
 
 2
 Jerome Morton, a pro se Michigan prisoner, appeals a district court order dismissing his civil rights complaint filed pursuant to 42 U.S.C. Secs. 1983 and 1985. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary, injunctive, and declaratory relief, Morton sued multiple prison officials in their individual and official capacities. Morton alleged that he received a $100 money order on July 23, 1993. The money was placed in his prison account. However, because he owed the state of Michigan $76.53 in loans and copying services, prison officials deducted $81.00 from Morton's account. Morton stated that he was entitled to an administrative hearing before the $81.00 was deducted from his account.
 
 
 4
 The case was referred to a magistrate judge who recommended dismissing the complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d). Upon de novo review and over Morton's objections, the district court adopted the magistrate judge's report and dismissed the case for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6).
 
 
 5
 In his timely appeal, Morton raises a plethora of issues. He requests the appointment of counsel. The defendants have indicated that they will not be filing a brief.
 
 
 6
 This court renders de novo review of an order dismissing a complaint under Fed.R.Civ.P. 12(b)(6). Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990).
 
 
 7
 Upon review, we conclude that the district court properly dismissed the complaint under Fed.R.Civ.P. 12(b)(6). Morton contends that the district court could not sua sponte dismiss the complaint pursuant to Rule 12(b)(6). Under Tingler v. Marshall, 716 F.2d 1109, 1111-12 (6th Cir.1983), a district court may not sua sponte dismiss a plaintiff's suit unless the district court first gives the plaintiff the opportunity to amend or correct the deficiencies in the complaint, or unless the district court dismisses the suit as frivolous pursuant to Sec. 1915(d). Because Morton had the opportunity to amend or correct the deficiencies in his complaint following the receipt of the magistrate judge's report, the district court could sua sponte dismiss the suit for failure to state a claim under Rule 12(b)(6). Cf. Tingler, 716 F.2d at 1111-12.
 
 
 8
 Morton does not state a conspiracy claim under Sec. 1985. In his complaint, Morton merely alleged that the defendants "constructively conspired" to deprive him of his money. Morton's conspiracy allegation is conclusory and is not supported by any specific facts. As such, Morton fails to state a conspiracy claim under Sec. 1985. See Gutierrez v. Lynch, 826 F.2d 1534, 1538-39 (6th Cir.1987).
 
 
 9
 The decision of Parratt v. Taylor, 451 U.S. 527 (1981), overruled in part by Daniels v. Williams, 474 U.S. 327 (1986), is applicable to the seizure of Morton's money. Morton feels that Parratt is not applicable because he does not have an adequate post-deprivation remedy in the state courts of Michigan. However, Morton can seek reimbursement of his money through the state courts of Michigan. See National Communication Sys., Inc. v. Michigan Public Serv. Comm'n, 789 F.2d 370, 373 (6th Cir), cert. denied, 479 U.S. 852 (1986); see also Mich.Comp.Laws Ann. Sec. 600.8401(1). As Morton has adequate state court remedies available to redress his wrong, his claims cannot survive. Hudson v. Palmer, 468 U.S. 517, 531-33 (1984).
 
 
 10
 Morton contends that the state courts of Michigan cannot provide him adequate relief as the defendants will be entitled to qualified immunity. However, this exact argument has been previously addressed and rejected by this court. National Communication Sys., Inc., 789 F.2d at 373. Finally, we conclude that Morton's remaining arguments are without merit.
 
 
 11
 Accordingly, we deny the request for counsel and affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation