Waymond THOMAS, Plaintiff–Appellant,

v.

Garner J, PLEASANT, Sr., Defendant–Appellee.

No. 01–1220.

United States Court of Appeals, Sixth Circuit.

Jan. 24, 2002.

Before KENNEDY and DAUGHTREY, Circuit Judges; BELL, District Judge.*

*ORDER*

Waymond Thomas, a Michigan prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Thomas sued a court reporter for the Genesee County Circuit Court (Garner J. Pleasant), alleging that the defendant failed to provide him with a verbatim, written copy of Thomas's criminal trial proceedings. Specifically, Thomas claimed that the defen-

---

* The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.

dant omitted or changed the testimony of a key witness, the time that testimony and recess were taken, objections that were made by defense counsel, and jury instructions. Thomas asserted that the defendant's conduct has deprived him an appeal as of right and has caused mental anxiety with physical manifestations. The district court dismissed the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted. This appeal followed.

This court reviews de novo a district court judgment dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). *See McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). In determining whether a complaint fails to state a claim, the court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *See Bibbo v. Dean Witter Reynolds, Inc.,* 151 F.3d 559, 561 (6th Cir.1998).

■  Upon review, we conclude that the district court properly dismissed Thomas's complaint for failure to state a claim upon which relief may be granted. By now it is well established that a § 1983 plaintiff may not raise a claim that, if correct, would necessarily imply the invalidity of a state conviction or sentence unless and until that conviction or sentence has been set aside. *See Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). The claim is not cognizable and must be dismissed whether the plaintiff seeks to obtain monetary damages or to attack the validity of his confinement. *Id.; see also Preiser v. Rodriguez,* 411 U.S. 475, 488–90,

93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (habeas corpus proceeding, not § 1983, is appropriate remedy for a state prisoner to attack the validity or length of his sentence). In this case, it is clear that Thomas is actually seeking habeas corpus relief, inasmuch as his claim addresses his state criminal trial proceedings and his appellate rights. Such claims are not properly brought under § 1983 until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *See Heck,* 512 U.S. at 486–87, 114 S.Ct. 2364. Given that Thomas's conviction has not been overturned or declared invalid, his § 1983 claim was properly dismissed.

■  Finally, contrary to Thomas's claim on appeal, the district court properly dismissed the complaint without allowing Thomas to amend because 28 U.S.C. § 1915(e)(2)(B) overrules this court's decision in *Tingler v. Marshall,* 716 F.2d 1109, 1111–12 (6th Cir.1983), and permits a court to dismiss a suit at any time without prior notice. *See McGore,* 114 F.3d at 612.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.