Pat O'LEAR, Kay Ann Chase, Steve Borrello, Lawrence Kestenbaum, Charlie Harrison, III, James Larkin, Christopher Smith, Donald Rittering, Barbara Long, George Gaines, and Minnie H. Whiting, Plaintiffs,

v.

Candice S. MILLER and Christopher Thomas, Defendants,

and

Michigan Republican Party, Patrick Miller, Andrew Pettress, and James L. Palaske, Defendant–Intervenors.

Case Number 01–72584–BC.

United States District Court,
E.D. Michigan,
Southern Division.

June 5, 2002.

R. Craig Hupp, F. Thomas Lewand, William B. Forrest, Bodman, Longley, Detroit, MI, for Plaintiffs.

Gary P. Gordon, Katherine C. Galvin, Michigan Dept. of Attorney General, Public Employment & Elections Division, Lansing, MI, for Defendants.

Michael A. Carvin, Louis K. Fisher, Jeffery V. Stuckey, Peter H. Ellsworth, Susan G. Schwochau, Dickinson, Wright, Lansing, MI, for Intervenor–Defendants.

William Allen Simpson, Madison Heights, MI, Pro se.

Before BOYCE F. MARTIN, JR., Chief Circuit Judge, COOK, District Judge, and LAWSON, District Judge.

## ORDER DISMISSING SECOND AMENDED COMPLAINT WITH PREJUDICE AND DENYING EMERGENCY MOTION FOR EXPEDITED TRIAL AS MOOT

On May 24, 2002, this Court filed an Opinion and Order dismissing the third claim of the plaintiffs' amended complaint without prejudice, dismissing the remainder of the plaintiffs' claims with prejudice, and granting the plaintiffs leave to file an amended complaint within thirty days. On May 29, 2002, the plaintiffs filed a Second Amended Complaint and an Emergency Motion for Expedited Trial, which sought a trial from June 4 through June 6, 2002, with a decision to be rendered by June 7, 2002.

The Court has reviewed the Second Amended Complaint, and finds that it, like its immediate predecessor, fails to state a claim under the Fourteenth Amendment to the United States Constitution upon which relief can be granted. In its Opinion and Order, this Court found that "disproportionate election results will not establish a constitutionally infirm districting plan without a showing of some substantial permanency to the arrangement that cannot be overcome through the political process." *O'Lear v. Miller*, 222 F.Supp.2d 850, 855 (E.D.Mich.2002) (three-judge panel). The plaintiffs admit that Democrats may gain control of one or both houses of the Michigan legislature within the next decade, although they claim that the redistricting plan may make it more difficult for them to do so. Second Am. Compl. ¶ 55. Nonetheless, the pleading itself concedes that a political solution to their redistricting complaint is within reach by the next decade, or such other time as redistricting may lawfully occur at the direction of the state legislature.[1]

■ The plaintiffs' attempt to state a claim under the alternative test that their elected Republican representatives will be "indifferent" to their interests fares no better. Political gerrymandering does not offend the Fourteenth Amendment simply because certain voters are members of the minority party in the district. If so, every "safe" district would violate the Equal Protection Clause. Rather, the plaintiffs must demonstrate that their interests will in fact be "entirely ignore[d]" by their representatives. *O'Lear*, 222 F.Supp.2d at 856. The plaintiffs themselves admit that their representatives are likely to "respond to constituent requests for assistance and will listen to constituents' expressions of views regardless of the party affiliation of the constituent involved." Second Am. Compl. ¶¶ 56–57.

■ The Court has the power to dismiss a complaint *sua sponte* pursuant to Rule 12(b)(6), provided that the plaintiffs have been given adequate notice and an opportunity to amend. *See Tingler v. Marshall*, 716 F.2d 1109, 1112 (6th Cir. 1983). The Court finds that the plaintiffs in this case received adequate notice through this Court's Opinion and Order dismissing of their equal protection claim without prejudice and with leave to amend.

1. There is no Michigan constitutional provision which prescribes the frequency with which redistricting must or may occur. That decision, like the districting process itself, is left to the state legislature.

The plaintiffs having failed to submit an amended complaint upon which relief can be granted, this Court finds that *sua sponte* dismissal is appropriate.

Accordingly, it is **ORDERED** that the Second Amended Complaint [dkt # 97] is **DISMISSED WITH PREJUDICE.**

It is further **ORDERED** that the plaintiffs' Emergency Motion for Expedited Trial [dkt # 98] is **DENIED AS MOOT.**