898 F.2d 153
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul D. GIBBS, Plaintiff-Appellant,
v.
Silas NORMAN, Dr.; D. Rao, Dr., Defendants-Appellees.
 No. 89-1937.
 United States Court of Appeals, Sixth Circuit.
 March 12, 1990.
 
 E.D.Mich.
 VACATED AND REMANDED.
 Before WELLFORD and DAVID A. NELSON, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 Paul D. Gibbs appeals pro se from the district court's sua sponte dismissal of a 42 U.S.C. Sec. 1983 civil rights action that he had brought against appellees, doctors at the Michigan state prison where Gibbs is now incarcerated. Gibbs' case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 In his complaint, Gibbs alleges that he was treated for stab wounds and a broken arm at a hospital outside of the prison. A steel plate was placed in his arm, which was then closed with staples and placed in a cast. Gibbs alleges that he was returned to the prison with instructions from his surgeon that his cast be changed and the staples removed within 7-10 days. He alleges that the defendants did not follow this procedure despite his repeated requests and despite a call from his surgeon at the hospital. Gibbs alleges that his surgeon made a second call to the defendants on August 20, 1988, and that 34 staples were finally removed from his arm on August 22, 1988, about two months after his admission to the prison.
 
 
 3
 Gibbs also alleges that the defendants refused to perform a subcutaneous suction procedure allegedly prescribed to complete a skin graft procedure received before his incarceration. Gibbs alleges additionally that the defendants refused to perform this procedure in retaliation for a state court negligence suit that he had brought against them.
 
 
 4
 Gibbs seeks damages for the defendants' alleged refusal to remove the staples from his arm in a timely manner. He also seeks declaratory and injunctive relief to compel the defendants to perform liposuction on his skin graft. The district court dismissed the case as frivolous under 28 U.S.C. Sec. 1915(d).
 
 
 5
 The defendants did not file an answer to the complaint; instead, a special report from the Michigan Department of Corrections was submitted, prepared and signed by one of the defendants, which outlined Gibbs' medical treatment. The district court relied on this report in deciding that Gibbs' complaint was frivolous under Sec. 1915(d). We remand because the court relied upon the defendants' report in reaching its decision and because the court applied the wrong standard in dismissing the case as frivolous under Sec. 1915(d). The district court found that a complaint may be dismissed as frivolous if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Malone v. Colyer, 710 F.2d 258, 261 (6th Cir.1983). This standard is identical to the standard for dismissal of cases under Fed.R.Civ.P. 12(b)(6). See Harris v. Johnson, 784 F.2d 222, 223-24 (6th Cir.1986). However, the district court's judgment was entered after the Supreme Court's recent decision in Neitzke v. Williams, 109 S.Ct. 1827 (1989). The holding in Neitzke clearly states that a complaint is not automatically frivolous under Sec. 1915(d) solely because it fails to state a valid claim for relief. Id. at 1834.
 
 
 6
 Under Neitzke, a complaint may be dismissed as frivolous before the filing of responsive pleadings only when "it lacks an arguable basis either in law or in fact." Id. at 1831. Thus, a complaint may be dismissed under Sec. 1915(d) if it relies on a claimed legal interest which clearly does not exist or on a factual scenario that is fantastic or delusional. Id. at 1833. However, an indigent plaintiff who states an arguable claim is entitled to service of process even when it appears that he ultimately may not be entitled to relief. Id. at 1833-34.
 
 
 7
 Questions of law which are ultimately resolved against the plaintiff, however, may be dismissed under Rule 12(b)(6). Id. at 1833. Gibbs' claim for damages is subject to a Rule 12(b)(6) dismissal, because Gibbs has failed to set forth clearly that he is suing the defendants in their individual, not official, capacities. Wells v. Brown, 891 F.2d 591, 592 (6th Cir.1989). Gibbs' injunctive claim for prospective medical treatment, however, is analogous to the eighth amendment claim that was at issue in Neitzke. Cf. 109 S.Ct. at 1829. The tenuous but arguable claims that were raised in both of these cases could subsequently be resolved under Rule 12(b)(6), but not dismissed under Sec. 1915(d). Id. at 1833.
 
 
 8
 The district court's reliance on the defendants' special report contradicts the policy in Neitzke of assuring "equality of consideration for all litigants." Id. at 1834 (quoting Coppedge v. United States, 369 U.S. 438, 447 (1962)). An indigent plaintiff, such as Gibbs, who states an arguable claim, stands in parity with other plaintiffs whose claims also may later be dismissed pursuant to Rule 12(b)(6).
 
 
 9
 Under Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon. These procedures alert him to the legal theory underlying the defendant's challenge, and enable him meaningfully to respond by opposing the motion to dismiss on legal grounds or by clarifying his factual allegations so as to conform with the requirements of a valid legal cause of action. This adversarial process also crystallizes the pertinent issues and facilitates appellate review of a trial court dismissal by creating a more complete record of the case....
 
 
 10
 According opportunities for responsive pleadings to indigent litigants commensurate to the opportunities accorded similarly situated paying plaintiffs is all the more important because indigent plaintiffs so often proceed pro se, and therefore may be less capable of formulating legally competent initial pleadings....
 
 
 11
 Responsive pleadings thus may be necessary for a pro se plaintiff to clarify his legal theories.
 
 
 12
 Neitzke, 109 S.Ct. at 1834 (footnote omitted); see also Tingler v. Marshall, 716 F.2d 1109, 1111 (6th Cir.1983). Gibbs' opportunity to respond did not satisfy the policies articulated in Neitzke because the report only contained the defendants' factual allegations and did not alert Gibbs to the legal defenses that were at issue and which ultimately would be resolved against him. The district court's reliance on a potentially adversarial document, the report, to resolve the case demonstrates that Gibbs did state at least an arguable claim.
 
 
 13
 Even if were to construe the defendants' report as an answer to the complaint, the sua sponte dismissal would be inappropriate, because a dismissal under Rule 12(c) requires the procedural safeguards that are outlined in Tingler, 716 F.2d at 1112. Summary judgment was also inappropriate for the reasons stated in Neitzke, 109 S.Ct. at 1834; in Tingler, 716 F.2d at 1111; and in Yashon v. Gregory, 737 F.2d 547, 552 (6th Cir.1984).
 
 
 14
 Accordingly, Gibbs' request for counsel is hereby denied, and the dismissal of his claim for damages is affirmed because he did not state that he was suing the defendants in their personal capacities, rather than in their official capacities. Dismissal of his claim for declaratory and injunctive relief is vacated and remanded because his complaint presents an arguable claim that precludes disposition of his case under Sec. 1915(d). Rules 9(b)(5) and (6), Rules of the Sixth Circuit.