924 F.2d 1060
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gary L. VERNON, Plaintiff-Appellant,
v.
Hartwell Ray HATFIELD, Danny Scott, Wilson Conrad, Beverly
Harris, David B. Westbrooks, Brenda Jenkins,
Robert Peice, Defendants-Appellees.
 No. 90-5392.
 United States Court of Appeals, Sixth Circuit.
 Jan. 31, 1991.
 
 Before RALPH B. GUY, Jr. and BOGGS, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 Gary L. Vernon, a pro se Tennessee prisoner, appeals the district court's order dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary, declaratory and injunctive relief, Vernon sued several Tennessee correctional officials. Vernon alleged that the defendants violated his due process rights when he was placed in administrative segregation. Vernon also requested the issuance of a preliminary injunction. Over Vernon's objections, the district court adopted the magistrate's report and recommendation and dismissed the case as frivolous. Vernon has filed a timely appeal. In his brief, he requests the appointment of counsel.
 
 
 3
 Upon review we affirm the district court's judgment for other reasons. See Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (per curiam). Although we determine that Vernon's claims have an arguable basis in law and fact, see Neitkze v. Williams, 109 S.Ct. 1827, 1831 (1989), the magistrate's report and recommendation provided Vernon with notice of the pending dismissal of his complaint and an opportunity to amend. Tingler v. Marshall, 716 F.2d 1109, 1111-12 (6th Cir.1983). Vernon's action was therefore subject to dismissal for failure to state a claim. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir.1988).
 
 
 4
 Vernon's due process claim is without merit. An informal, nonadversarial evidentiary review was conducted by the prison disciplinary committee following Vernon's placement in administrative segregation. Hewitt v. Helms, 459 U.S. 460, 476 (1983). Vernon is not entitled to receive notice of the charges pending against him prior to his placement in administrative segregation. See Childs v. Pellegrin, 822 F.2d 1382, 1387 (6th Cir.1987). Nor is Vernon entitled to confront or cross-examine the witnesses in his disciplinary proceedings. Wolff v. McDonnell, 418 U.S. 539, 567-68 (1974).
 
 
 5
 Lastly, we determine that the district court properly denied Vernon's request for a preliminary injunction as he has failed to show a substantial likelihood or probability of success on the merits. Frisch's Restaurant, Inc. v. Shoney's, Inc., 759 F.2d 1261, 1263 (6th Cir.1985).
 
 
 6
 Accordingly, we deny counsel and affirm the district court's judgment for these reasons. Rule 9(b)(5), Rules of the Sixth Circuit.