977 F.2d 581
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
George JONES, Plaintiff-Appellant,
v.
John T. WIGGINTON, Secretary of Corrections; Dewey Sowders,
Warden, Northpoint Training Center; Leigh McRay,
Mail Room Operator; Allen Knight,
Correctional Officer,
Defendants-Appellees.
 No. 92-5536.
 United States Court of Appeals, Sixth Circuit.
 Oct. 7, 1992.
 
 Before RYAN and SUHRHEINRICH, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 George Jones, a pro se Kentucky prisoner, appeals a district court order dismissing his civil rights action as frivolous under 28 U.S.C. § 1915(d). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In June 1991, Jones went to the prison's law library to receive his legal mail. Upon receipt of a letter, Jones discovered that the letter had been opened. Upon complaining to prison officials, Jones was informed that the letter had been opened prior to its arrival at the prison.
 
 
 3
 Seeking monetary and injunctive relief, Jones sued several Kentucky correctional officials in their individual capacities. Jones alleged that the defendants showed "a deliberate indifference" to his needs by: 1) refusing to prepare an incident report; 2) filing an answer to his grievance; and 3) failing to investigate the incident. The case was referred to a magistrate judge who recommended that the suit be dismissed as frivolous under 28 U.S.C. § 1915(d). Over Jones's objections, the district court adopted the magistrate judge's report. Jones filed this timely appeal arguing that the defendants opened his legal mail at the prison in violation of his constitutional rights. Appellees have notified the court that they will not be filing briefs.
 
 
 4
 Although Jones's complaint may arguably state a basis in law or in fact, Neitzke v. Williams, 490 U.S. 319, 325 (1989); Lawler v. Marshall, 898 F.2d 1196, 1198 (6th Cir.1990), we affirm the district court's judgment for reasons other those stated by the district court. See Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990); Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co., 772 F.2d 214, 216 (6th Cir.1985) (per curiam).
 
 
 5
 Upon de novo review, we conclude that Jones's complaint fails to state a cause of action for which relief may be granted. Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 111 S.Ct. 182 (1990). Cf. Tingler v. Marshall, 716 F.2d 1109, 1111-12 (6th Cir.1983). Jones's mere conclusions and opinions do not state a cause of action under 42 U.S.C. § 1983. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987); Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir.1986).
 
 
 6
 Accordingly, we affirm the district court's order. Rule 9(b)(3), Rules of the Sixth Circuit.