**Keith HARBIN–BEY, Plaintiff–Appellant,**

v.

**David GUNDY, Warden; L. Deur, Rum, Defendants–Appellees.**

No. 01–2301.

United States Court of Appeals, Sixth Circuit.

March 26, 2002.

Before BATCHELDER and CLAY, Circuit Judges; ALDRICH, District Judge.*

* The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

*ORDER*

Keith Harbin–Bey, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary, declaratory, and injunctive relief, Harbin–Bey sued two prison officials for his confinement in administrative segregation. The district court dismissed the complaint for failure to state a claim under 28 U.S.C. §§ 1915(e)(2), 1915A(b) and 42 U.S.C. § 1997e(c).

In his timely appeal, Harbin–Bey states that the district court should have allowed him to amend his complaint before dismissal, that he did state a cause of action, that he stated an Eighth Amendment violation, and that he established a due process violation.

The district court's judgment is reviewed de novo. *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997).

Harbin–Bey contends that the district court should not have dismissed his complaint without first allowing him the opportunity to amend the complaint. Harbin–Bey cites *Tingler v. Marshall*, 716 F.2d 1109 (6th Cir.1983) to support his position. However, *Tingler* has been overruled. *McGore*, 114 F.3d at 612. Under 28 U.S.C. § 1915(e)(2)(a), a court is required to dismiss a case if it fails to state a claim. *Id.* Courts have no discretion in permitting a plaintiff to amend a complaint to avoid

sua sponte dismissal. *Id.* As Harbin–Bey's complaint fails to state a claim, the district court did not err in sua sponte dismissing the complaint.

The district court properly dismissed the complaint for failure to exhaust available administrative remedies. The district court noted that Harbin–Bey had not exhausted his available administrative remedies concerning his complaint against the named defendants. Harbin–Bey concedes in his brief before this court that he had not exhausted his available administrative remedies when he filed his complaint. As Harbin–Bey admits that he did not exhaust his administrative remedies before filing the complaint, the district court properly dismissed the complaint. *See Booth v. Churner,* 532 U.S. 731, 121 S.Ct. 1819, 1823–24, 149 L.Ed.2d 958 (2001); *Brown v. Toombs,* 139 F.3d 1102, 1104 (6th Cir.1998).

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.