904 F.2d 708
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lynn PERSON, Plaintiff-Appellant,
v.
Steve NORRIS; Faye Barnes, Nurse; Harper; Mullins, Nurse;
Captain Saunders; CPL. Scott, Defendants-Appellees.
 No. 89-6089.
 United States Court of Appeals, Sixth Circuit.
 June 6, 1990.
 
 1
 Before KEITH and ALAN E. NORRIS, Circuit Judges, and PATRICK J. DUGGAN, District Judge.*
 
 ORDER
 
 2
 Lynn Person appeals pro se from a summary judgment that was entered against him in an action that he had brought under 42 U.S.C. Sec. 1983. Person's case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 The defendants are medical and administrative personnel at the Tennessee prison where Person is incarcerated. Person alleged that these defendants violated his eighth amendment rights by their deliberate indifference to a nerve injury that he sustained by injecting himself with Talwin. On April 6, 1989, the district court entered a summary judgment for the defendants because it found 1) that Person had not responded to the defendants' motion as required by the local rules and 2) that Person's eighth amendment claim was substantively without merit. Person filed a motion for relief from judgment under Fed.R.Civ.P. 60(b)(3), which was denied by an order that was entered on June 7, 1989. Person filed a timely notice of appeal on July 12, 1989. His brief on appeal contains a request for counsel.
 
 
 4
 The motion that Person filed under Rule 60(b)(3) will be construed as a motion for reconsideration under Fed.R.Civ.P. 59 because it was filed within ten working days of the district court's judgment. Cf. Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc., 784 F.2d 665, 668-70 (5th Cir.) (en banc), cert. denied, 479 U.S. 930 (1986). Therefore, we will review the final judgment that was entered against Person on April 6, 1989. See Fed.R.App.P. 4(a)(4); Peabody Coal Co. v. U.M.W., 484 F.2d 78, 81 (6th Cir.1973).
 
 
 5
 Person's primary argument on appeal is that he was deliberately transferred so that he would not receive-service of the defendants' motion for summary judgment in time to make an effective response. However, it is not necessary for us to reach this argument because the district court correctly found that Person's eighth amendment claim was without substantive merit. See Dunlap v. Transamerica Occidental Life Ins. Co., 858 F.2d 629, 632 (11th Cir.1988).
 
 
 6
 To state a claim under the eighth amendment, Person must show that the defendants were deliberately indifferent to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). While Person's injury may have been serious, there is no indication that the defendants were deliberately indifferent to his needs. The medical records submitted in support of the defendants' motion show that Person was examined and treated within hours of his injury. Person does not contest the accuracy of these records, and he has not demonstrated that he could have produced any other evidence that would have changed the court's decision on the merits. Thus, Person has not shown that he was prejudiced by the court's action of awarding summary judgment to the defendants in the absence of his response. Cf. Hoopes v. Equifax, Inc., 611 F.2d 134, 136 (6th Cir.1979).
 
 
 7
 In addition, the factual assertions in Person's complaint are clearly insufficient to support a claim of deliberate indifference under the eighth amendment. See Estelle, 429 U.S. at 106. Person was alerted to the substantive defect in his complaint by a motion for dismissal that was contained in the defendants' answer. Thus, Person's complaint could have been dismissed under Fed.R.Civ.P. 12(b)(6) without any reliance on the defendants' motion for summary judgment.
 
 
 8
 Finally, we note that Person sought only monetary damages in his complaint. Therefore, dismissal would also have been appropriate because Person failed to allege that the defendants were being sued personally rather than in their official capacities as state employees. See Wells v. Brown, 891 F.2d 591, 592-94 (6th Cir.1989).
 
 
 9
 Accordingly, Person's request for counsel is denied and the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Patrick J. Duggan, U.S. District Judge for the Eastern District of Michigan, sitting by designation