**Mykobi L'BERT, Plaintiff–Appellant,**

v.

**Togo D. WEST, Jr., Secretary; Robert W. Goldberg, Ph.D., ABRD; Daniel P. Tinman, M.D.; William Montague; Charles Franks; Patricia Gheen; Brenda McCombs; Theresa O'Malley, Department of Veterans Affairs, Defendants–Appellees.**

**No. 00–3893.**

United States Court of Appeals, Sixth Circuit.

Oct. 30, 2001.

Before SILER and COLE, Circuit Judges; STAFFORD, District Judge.*

### ORDER

Mykobi L'Bert appeals a district court grant of summary judgment for defendants in this employment discrimination action filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. The parties have waived oral argument in this case. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

L'Bert filed her complaint and an amended complaint by counsel in the district court alleging that she was fired from her job with the Department of Veterans Affairs in retaliation for her union activities and for filing Equal Employment Opportunity complaints, and defendants filed an answer. Thereafter, plaintiff was granted leave to file a second amended complaint, and defendants again filed an answer. Next, plaintiff filed a motion for partial summary judgment and a motion to compel discovery and for sanctions. Defendants responded in opposition to plaintiff's motions. Defendants also filed a motion for summary judgment. The district court granted defendants' motion and entered judgment accordingly. Plaintiff filed a timely notice of appeal.

On appeal, plaintiff contends that: (1) the district court failed to rule on her motions to compel discovery and for summary judgment, or otherwise give her sufficient opportunity to engage in discovery; (2) she did not receive notice of defendants' motion for summary judgment; and (3) summary judgment was improper based upon the evidence of record. Defendants respond that plaintiff's claims on appeal lack merit. Upon de novo review, *see Brooks v. American Broad. Cos.,* 932 F.2d 495, 500 (6th Cir.1991), we affirm the judgment essentially for the reasons stated by the district court in its order filed June 12, 2000.

Initially, it is noted that this case is not a "mixed" case in which plaintiff is appealing a decision by the Merit Systems Protection Board. 5 U.S.C. §§ 7702 and 7703(b)(2); *Morales v. Merit System Protection Bd.,* 932 F.2d 800, 801–02 (9th Cir. 1991); *Ballard v. Tennessee Valley Auth.,* 768 F.2d 756, 757 (6th Cir.1985). In an employment discrimination case under Title VII, plaintiff bears the initial burden of proving a prima facie case by a preponderance of the evidence. *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 252–53, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). To establish a prima facie case of racially discriminatory treatment, plaintiff must show that: (1) she is a member of a protected class; (2) she was subjected to an adverse employment action; (3) she

---

* The Honorable William H. Stafford, Jr., United States District Judge for the Northern District of Florida, sitting by designation.

was qualified for the job; and (4) she was replaced by a person outside the class of protected people. *See id.* at 253, 101 S.Ct. 1089; *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Talley v. Bravo Pitino Restaurant, Ltd.,* 61 F.3d 1241, 1246–47 (6th Cir.1995). In a retaliation case, plaintiff must show that: (1) she engaged in protected activity; (2) the activity was known to defendant; (3) defendant then took adverse employment action; and (4) there was a causal connection between the protected activity and the adverse employment action. *See Canitia v. Yellow Freight Sys.,* 903 F.2d 1064, 1066 (6th Cir.1990). If plaintiff establishes a prima facie case of discrimination, the burden falls upon defendant to articulate a legitimate non-discriminatory reason for the employment action. *Burdine,* 450 U.S. at 253, 101 S.Ct. 1089. If defendant articulates a legitimate non-discriminatory reason for the employment action, plaintiff must prove that the articulated reason is a pretext for a discriminatory motive. *Id.; Kline v. Tennessee Valley Auth.,* 128 F.3d 337, 342 (6th Cir.1997); *Mitchell,* 964 F.2d at 584. To prove pretext, plaintiff must make a direct showing that a discriminatory reason more likely motivated defendant or an indirect showing that defendant's proffered reason is false. *See Burdine,* 450 U.S. at 256, 101 S.Ct. 1089; *Kline,* 128 F.3d at 342–43.

Here, the district court correctly concluded that defendants articulated a legitimate non-discriminatory reason for firing plaintiff: that she repeatedly falsified records to show that she had performed job duties that she did not perform. Thereafter, plaintiff did not show that defendants' articulated reason was a pretext for impermissible discrimination. While plaintiff contends that she did not receive notice of defendants' motion for summary judgment, the record does not reflect that the lack of notice is in any way attributable to defen-dants. Defendants' motion for summary judgment is accompanied by a certificate that counsel for plaintiff was served with the motion by mail at his address of record. Although the district court docket sheet reflects that counsel contemporaneously may have had problems with delivery of other mail, the record does not reflect that counsel was not served with defendants' motion. Moreover, it is noted that defendants' motion for summary judgment was filed on the last day permitted by the district court for filing such motions, January 27, 2000, and that the motion was pending for over four months before the district court granted the motion on June 12, 2000. Moreover, plaintiff cites nothing in her motion for summary judgment or in any potential discovery that might establish that defendants' articulated reason for firing her was a pretext. Under these circumstances, the district court properly granted summary judgment for defendants.

For the foregoing reasons, the district court's judgment is affirmed.