*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0294P (6th Cir.)
File Name: 03a0294p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

ROVEAIL MCKINNIE, et al.,
*Plaintiffs-Appellants,*

*v.*

No. 02-3058

ROADWAY EXPRESS, INC.,
*Defendant-Appellee.*

Appeal from the United States District Court
for the Northern District of Ohio at Akron.
No. 01-00901—James Gwin, District Judge.

Argued: July 31, 2003

Decided and Filed: August 18, 2003

Before: KENNEDY, GILMAN, and GIBBONS, Circuit
Judges.

———————————

**COUNSEL**

**ARGUED:** Joseph K. Grant, SAFFOLD, GRANT &
MASON, Cleveland, Ohio, for Appellants. Jeremy R. Sayre,
BAKER & HOSTETLER, Cleveland, Ohio, for Appellee.
**ON BRIEF:** Joseph K. Grant, SAFFOLD, GRANT &
MASON, Cleveland, Ohio, for Appellants. Jeremy R. Sayre,

Charles J. French III, BAKER & HOSTETLER, Cleveland,
Ohio, for Appellee.

———————————

**OPINION**

———————————

KENNEDY, Circuit Judge. Plaintiffs appeal the district
court's grant of summary judgment in favor of Roadway
Express, Inc., entered after Plaintiffs failed to oppose the
motion. Finding Plaintiffs' failure is not excused, we
**AFFIRM** the judgment of the district court.

**I.**

On April 13, 2001, Roveail McKinnie, Derryl Matthews,
Dwayne Lopp, Anthony Brunson, and Henry Baddley filed
suit against Roadway Express claiming racial discrimination
in violation of Title VII of the Civil Rights Act of 1964 and
intentional infliction of severe emotional distress. McKinnie
additionally claimed that Roadway racially harassed him,
retaliated against him for exercising his rights under Title VII,
discriminated against him and failed to accommodate his
disability in violation of the Americans with Disabilities Act.

On May 7, 2001, the district court ordered that the case be
entered into the court's electronic filing system, and that all
further documents, notices, and orders be filed electronically.
The electronic filing system permits counsel to submit and
access documents electronically, and informs counsel of
filings by email.

On September 7, 2001, Plaintiffs' counsel filed a motion
for leave for mandatory withdrawal, which the district court
granted on September 13, 2001. On that same day, the
district court ordered that dispositive motions be filed by
October 17, 2001, with responses due on October 31 and

reply briefs due on November 7. The trial was tentatively scheduled to start December 17, 2001.

On October 16, 2001, the day before dispositive motions were due, the district court received a letter from McKinnie advising the court that Plaintiffs had not been able to retain replacement counsel and asking that Plaintiffs' claims be remanded to the Equal Employment Opportunity Commission (EEOC) for mediation. The district court did not grant Plaintiffs' request for a remand.[1] On that same day, the district court extended the deadline for filing dispositive motions to October 22, 2001, with responses due on November 5 and reply briefs due on November 13.

On October 22, 2001, Roadway filed a motion for summary judgment, which drew support from deposition testimony given by each of the Plaintiffs and affidavits of Roadway personnel. Roadway certified that its motion was filed electronically, that notice of the filing was to be sent electronically to all parties by operation of the district court's electronic filing system, and that all parties could access the filing through the court's system.

On November 26, 2001, McKinnie, proceeding *pro se*, filed a motion to stay the case. The district court denied the motion on November 30 and ordered Plaintiffs to respond to Roadway's summary judgment motion by December 5 and encouraged the parties to mediate their dispute. Plaintiffs do not deny their timely receipt of the court's November 30 order, yet they failed to respond by December 5 either on the merits of Roadway's motion or by requesting an extension of

time. On December 11, 2001, the district court granted Roadway's summary judgment motion in a seventeen-page opinion dealing with each Plaintiff's claims.

Roadway filed a motion for costs on December 21, 2001. On January 11, 2002, present counsel filed an appearance. At the costs hearing before the magistrate judge, present counsel opposed the motion on the grounds that Plaintiffs could not afford to pay costs because most of them were unemployed and an award of costs would discourage Plaintiffs from filing future civil rights litigation. Plaintiffs again made no argument about not having had adequate time to respond to Roadway's motion for summary judgment. On January 31, 2002, the magistrate judge recommended that the district court grant the motion for costs, which the district court did on February 21, 2002.

With the assistance of counsel, Plaintiffs filed a notice of appeal on January 11, 2002, which was followed, on January 18, by a motion for extension of time to file a notice of appeal. The district court granted the extension on January 22, 2002, and this appeal followed. No appeal was filed from the award of costs.

## II.

Plaintiffs contend that the district court's grant of summary judgment in favor of Roadway should be reversed because Roadway failed to serve its summary judgment motion in conformity with Federal Civil Procedure Rule 5(b). Plaintiffs also contend that the district court should have given them notice as to the requirements of Federal Civil Procedure Rule 56(e), as well as the consequences of failing to oppose Roadway's summary judgment motion. This Court reviews *de novo* the district court's disposition of a motion for summary judgment. *Mulhall v. Ashcroft*, 287 F.3d 543, 550 (6th Cir. 2002). Summary judgment is appropriate where there is no genuine issue as to any material fact and the

---

[1] The district court had referred the case to mediation on June 13, 2001, apparently through the district court's mediation program. On August 31, 2001, the ADR administrator reported that a mediation conference was held on August 28, 2001 and the mediation process was complete. The case was returned to chambers for further settlement negotiations and case processing.

moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Material facts are those facts defined by the substantive law and that are necessary to apply it. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). While a court must draw all inferences in a light most favorable to the non-moving party, it may grant summary judgment if the record, taken as a whole, could not lead a rational trier of fact to find for that party. *Matusushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### A.

Plaintiffs contend that the district court's grant of summary judgment in favor of Roadway should be reversed because Roadway failed to serve its summary judgment motion in conformance with Federal Civil Procedure Rule 5(b). Roadway argues that even if Plaintiffs were not served in accordance with Rule 5(b), the district court's decision must be affirmed because Plaintiffs have failed to present any evidence that Roadway is not entitled to summary judgment.[2]

Plaintiffs' counsel consented to participation in the district court's electronic filing system. Electronic service, however, was inadequate once Plaintiffs' counsel withdrew. Thus, Roadway's summary judgment motion was not served on Plaintiffs in conformity with Rule 5(b).

The violation of Rule 5(b), however, does not provide a sufficient basis to reverse the district court's summary

---

[2] Roadway argues that this Court should not reach the merits of this claim because the issue of inadequate service was never presented to the district court. Plaintiffs did not raise the issue in a Rule 59 motion to alter or amend or in a Rule 60(b) motion for relief from judgment, nor did they raise the issue in their opposition to Roadway's motion for costs. Roadway, however, does not point to any precedent dismissing an appeal such as this on the ground that the claim was never presented to the district court.

judgment because Plaintiffs had actual notice that the summary judgment motion had been filed. In their appellate brief, Plaintiffs admit that they learned that "Roadway had filed for summary judgment sometime in December, after they had received the district court's Order dated November 30, 2001, informing the Appellants that they must respond to Roadway's motion." In three unreported cases where a non-moving party has attempted to excuse his or her failure to oppose a summary judgment motion on the ground that the non-moving party did not receive a copy of the motion, the Sixth Circuit has affirmed a district court's grant of summary judgment when the non-moving party has failed to demonstrate on appeal that the existence of a genuine issue of material fact precluded summary judgment. *See L'Bert v. West*, 2001 WL 11450734 (6th Cir. Oct. 30, 2001) (unpublished) (affirming summary judgment in favor of defendant even though plaintiff claimed to have not received notice of motion because nothing in the record established the existence of genuine issue of material fact); *Shy v. Bhatt*, 1990 WL 115854 (6th Cir. Aug. 9, 1990) (unpublished) (affirming summary judgment in favor of defendant prison officials even though *pro se* prisoner claimed to have never received motion because plaintiff had not raised any argument on appeal establishing the existence of a genuine issue of material fact); *Person v. Norris*, 1990 WL 75250 (6th Cir. June 6, 1990) (unpublished) (affirming summary judgment against *pro se* prisoner even though prisoner claimed to have not received notice of motion because prisoner had not demonstrated that he could have produced any evidence that would have required the district court to change its decision on the merits).

If reversal is not appropriate when the complaining party did not receive a properly served motion and ostensibly did not have actual knowledge that the motion was pending, reversal can hardly be appropriate when a party has actual knowledge of a pending motion despite legally inadequate service. Consequently, we hold that when a party is not

properly served but nonetheless has actual notice of a summary judgment motion prior to its disposition, the district court's summary judgment decision should be affirmed unless the party who failed to oppose the motion demonstrates on appeal that the existence of a genuine issue of material fact precludes summary judgment as a matter of law. Because Plaintiffs had actual notice of Roadway's pending summary judgment motion and Plaintiffs have not demonstrated on appeal that a genuine issue of material fact existed for trial, we affirm the district court's grant of summary judgment to Roadway for the reasons stated in its order filed December 11, 2001.

## B.

Plaintiffs also contend that the district court should have given them notice as to the requirements of Federal Civil Procedure Rule 56(e), as well as the consequences of failing to oppose Roadway's summary judgment motion. Ordinary civil litigants proceeding *pro se,* however, are not entitled to special treatment, including assistance in regards to responding to depositive motions. *Brock v. Hendershott*, 840 F.2d 339, 343 (6th Cir. 1988). "A panel of this Court cannot overrule the decision of another panel. The prior decision remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision." *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985); *see also* 6th Cir. Rule 206(c) (stating that a published panel opinion is binding on all subsequent panels). Thus, the district court did not have to notify Plaintiffs of the requirements of Rule 56(e) or inform Plaintiffs of the consequences of failing to oppose Roadway's summary judgment motion.

## III.

Because Plaintiffs had actual notice of Roadway's pending summary judgment motion and Plaintiffs have not demonstrated on appeal that a genuine issue of material fact existed for trial, we affirm the district court's grant of summary judgment to Roadway. We further hold they did not have to notify Plaintiffs of the requirements of Rule 56(e) or inform Plaintiffs of the consequences of failing to oppose Roadway's summary judgment motion.