**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 06a0150n.06

Filed: February 24, 2006

**NO. 05-1088**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| FRANKLIN D. MILLS and EVA MILLS, | ) | |
| | ) | |
| *Plaintiffs-Appellants,* | ) | |
| | ) | ON APPEAL from the United States |
| v. | ) | District Court for the Eastern District |
| | ) | of Michigan |
| EQUICREDIT CORPORATION, et al., | ) | |
| | ) | |
| *Defendants-Appellees.* | ) | |
| | ) | |
| | ) | |

Decided and Filed _____, 2006.

**Before: SUHRHEINRICH and GRIFFIN, Circuit Judges; HOOD, Chief District Judge.**[*]

HOOD, Chief District Judge. Plaintiffs-Appellants Franklin and Eva Mills ("the Millses" or "Appellants") appeal from the order of the district court granting the motion of Defendants-Appellees, EquiCredit Corporation, Fairbanks Capital Corporation, Loan Servicing Center, and Discount Mortgage Company d/b/a First Discount Mortgage (collectively, "EquiCredit" or "Appellees"), to dismiss for failure to state a claim upon which relief may be granted. For the reasons that follow, we **AFFIRM** the judgment of the district court.

**I.    BACKGROUND**

---

[*]The Honorable Joseph M. Hood, Chief United States District Judge for the Eastern District of Kentucky, sitting by designation.

Appellants refinanced their home mortgage twice with EquiCredit, first on August 12, 1999, and again on February 29, 2000. At each closing, they signed a form entitled "Notice of Right to Cancel," which explained their right to cancel the mortgage within three days from either the date of the transaction, the date they received their Truth in Lending disclosures, or the date they received that notice, whichever occurred last. After Appellants defaulted on their February 29, 2000 loan, Fairbanks Capital Corporation ("Fairbanks"), which purchased the loan in April 2002, commenced foreclosure proceedings on November 19, 2002. On November 26, 2002, counsel for the appellants sent a letter to Fairbanks and EquiCredit explaining that they were rescinding the February 29, 2000 transaction. Neither Fairbanks nor EquiCredit responded to that letter. On January 6, 2003, Appellants filed their complaint in this matter and the scheduled foreclosure proceeding was suspended.

Only the claims set forth in Counts VI and VII of the complaint are at issue in the Millses' appeal. In Count VI, entitled "HOEPA Rescission," Appellants allege that EquiCredit failed to make specific disclosures to them in advance of their closing date as required by the Home Ownership and Equity Protection Act of 1994 ("HOEPA"), 15 U.S.C. §§ 1602(aa) and 1639, which is a part of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601, *et seq.*, and that EquiCredit required them to sign undated documents at the closings to confirm that three days had elapsed since the closings and that they did not intend to rescind the loans. In Count VI, Appellants "demand rescission and/or a declaration that they are entitled to rescind their loans under HOEPA and any other applicable state or federal law." (J.A. at 32.) In Count VII, entitled "TILA," Appellants claim that pursuant to §§ 1635(a) and 1640(a) of TILA, EquiCredit and U.S. Bank, a company that was never served and is not a party to this case, are liable to them for rescission of the August 12, 1999

2

and February 29, 2000 loan transactions.

On March 14, 2003, EquiCredit moved the court to dismiss "Counts I, II, III, IV, and V of Plaintiffs' Complaint in their entirety, and portions of Counts VII and VIII." (*Id.* at 79.) EquiCredit argued that the TILA claims were subject to TILA's one-year limitations period under § 1640(e) and that there was no basis for tolling the statute. EquiCredit asked the court to dismiss the claims for damages regarding the alleged TILA violations. In footnote seven of its brief in support, however, EquiCredit attempted to define the scope of its motion: "At this time, EquiCredit is not moving for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) of Plaintiffs' TILA claim to the extent that Plaintiffs seek rescission of the second refinancing, as such claim is arguably subject to a three-year limitations period." (*Id.* at 95.)

In response, Appellants conceded that they had brought suit after the applicable statute of limitations period but alleged that under the doctrine of equitable tolling, the statute of limitations on their claims was tolled until August 2002 when they met with their counsel and were informed of EquiCredit's allegedly fraudulent action. In their response to EquiCredit's motion to dismiss, Appellants claimed that EquiCredit had not made the required TILA disclosures prior to their rescission on November 26, 2002 because (1) the Notice of Right to Cancel form was the wrong notice for a refinancing transaction; (2) they signed the Notice of Right to Cancel form to acknowledge that the three-day rescission period had elapsed on the closing date of February 29, 2000 rather than three business days later; and (3) they were provided with only two copies (as opposed to four) of the Notice of Right to Cancel form.

During the July 2, 2003 hearing on this motion, the court asked EquiCredit to explain which claims it was moving to dismiss. EquiCredit stated that its motion asked the court to dismiss all

3

claims except the HOEPA claims in Count VI, which EquiCredit explained were the claims it was referring to in footnote seven, and various state law claims. Moreover, the court specifically inquired about footnote seven. During the discourse, EquiCredit explained to the district court that (1) footnote seven refers to the HOEPA claims in Count VI and (2) no TILA claims would remain if the court granted its motion to dismiss.

On November 24, 2003, the district court granted EquiCredit's motion and dismissed all of the federal claims in the complaint except the claims under HOEPA. The court reasoned that even if EquiCredit used the wrong form, as alleged by Appellants, the form nonetheless informed them of their right to cancel. Because "Defendants did not take any steps to affirmatively conceal Plaintiffs' TILA cause of action," there was no basis for equitably tolling the statute of limitations. On November 15, 2004, the district court granted EquiCredit's motion for summary judgment in its entirety.

## II. STANDARD OF REVIEW

A dismissal for failure to state a claim upon which relief can be granted is reviewed de novo. *Jackson, Tenn. Hosp. Co. v. W. Tenn. Healthcare, Inc.*, 414 F.3d 608, 611 (6th Cir. 2005). The court in *Persian Galleries, Inc. v. Transcontinental Ins. Co.*, 38 F.3d 253 (6th Cir. 1994) held that "[a] district court's grant of a motion to dismiss is proper when there is no set of facts that would allow the plaintiff to recover." *Id.* at 258. A complaint may be dismissed only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

Despite this liberal standard of review, the plaintiff is required to provide more than the bare assertion of legal conclusions. "[A] plaintiff's complaint will not survive a motion to dismiss under

4

Rule 12(b)(6) unless it contains 'either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Uttilla v. City of Memphis*, 40 F. Supp. 2d 968, 970 (W.D. Tenn. 1999) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

## III.    DISCUSSION

### A.    *Sua Sponte* Dismissal

Appellants contend that the district court erred by dismissing *sua sponte* their rescission claim under TILA.  They argue that EquiCredit's motion to dismiss did not include their claim for rescission under TILA, and as a result, they were never given the opportunity to provide the court with facts that would entitle them to relief.  Appellants point to footnote seven of EquiCredit's motion, which they contend advised the district court that EquiCredit was not moving to dismiss the TILA claim for rescission on statute of limitations grounds.  Relying on *Tingler v. Marshall*, 716 F.2d 1109 (6th Cir. 1983), Appellants argue that no motion was pending regarding the rescission claim and that the district court failed to provide them with the procedural safeguards outlined in *Tingler* before dismissing *sua sponte* the TILA rescission claim.

The court in *Tingler* warned against *sua sponte* dismissals and set forth the steps that a district court must take before making such a decision.  The instant case, however, bears little resemblance to the *sua sponte* dismissals addressed by *Tingler*.  *See, e.g.*, *Morrison v. Tomano*, 755 F.2d 515, 516-17 (6th Cir. 1985) (district court dismissed complaint for failure to state a cause of action without allowing plaintiffs to address the shortcomings of the complaint or otherwise respond to the impending dismissal); *Tingler*, 716 F.2d at 1111 (district court dismissed case on the merits prior to service of complaint on defendant and without notifying plaintiff of the proposed dismissal).

5

The district court did not dismiss *sua sponte* the TILA claim; instead, after EquiCredit filed an answer to the complaint and submitted a motion to dismiss, the court granted the motion, a motion that EquiCredit clarified during the hearing included all claims under TILA.

We note that EquiCredit's motion to dismiss asked the district court to dismiss "portions" of Count VII. In its brief in support of that motion, EquiCredit refers to how, "[i]n Count VII, Plaintiffs claim damages under the Truth in Lending Act" and that such "claims for damages regarding alleged TILA violations in connection with the closings must be dismissed." (J.A. at 94-95.) In footnote seven, EquiCredit specifically advises that it is "not moving for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) of Plaintiffs' TILA claim to the extent that Plaintiffs seek rescission of the second refinancing, as such claim is arguably subject to a three-year limitations period." (*Id.* at 95.)

But any confusion created by footnote seven regarding the scope of EquiCredit's motion to dismiss was dispelled—and Appellants were given notice that EquiCredit was moving to dismiss all TILA claims—during the hearing conducted on the motion. At the hearing, after the district court asked EquiCredit to explain which claims it was moving to dismiss and, notably, read footnote seven aloud, EquiCredit explained that footnote seven referred to the claim for rescission under HOEPA in Count VI of the complaint. In response to the court's inquiry of what would remain if the court were to grant the motion to dismiss, EquiCredit's counsel explained, "What we have stated in Footnote 7 which we identified today as Count 6 relating to HOEPA and state law claims . . . . That's my understanding of what would be left." (*Id.* at 402.) At the hearing, EquiCredit clarified that it sought to dismiss Count VII of the complaint and explained to the court and Appellants that the motion, if granted, would lead to the dismissal of all claims under TILA. This discourse advised

6

Appellants of the possibility that the court would dismiss Count VII in its entirety, which is exactly what the court did when it issued its order.

Furthermore, the district court granted EquiCredit's motion to dismiss nearly five months after oral argument. During the intervening time, if Appellants believed that the court would dismiss all of their TILA claims—a distinct possibility after the hearing on this motion—they could have sought leave to amend their complaint. After the district court issued its order dismissing those claims, if Appellants believed that they were not given proper notice that the rescission claim would be dismissed, they could have sought leave to amend their complaint or filed a motion for reconsideration with the district court. No *Tingler* error occurred.

**B.      The TILA Rescission Claim**

On appeal, Appellants argue that the district court erred in dismissing their TILA rescission claim by conflating their claim for damages under TILA with their claim for rescission under TILA. Appellants contend that they are entitled to rescission of the February 29, 2000 loan transaction because EquiCredit did not use the correct form to notify them of their right to rescind the transaction and the form that was used by EquiCredit provided substantially misleading information. According to Appellants, due to EquiCredit's use of the incorrect form at the closing, they had the right to rescind the transaction for up to three years following that violation.

In this case, it is of no consequence that the district court did not distinguish between Appellants' claim for rescission under TILA and their claim for damages under TILA. We may affirm the district court's dismissal on any grounds properly before us. *Russ' Kwik Car Wash, Inc. v. Marathon Petroleum Co.*, 772 F.2d 214, 216 (6th Cir. 1985).

TILA provides for statutory penalties if the creditor fails to make certain disclosures required

7

under the statute. 15 U.S.C. § 1640(a). To prevail on a claim for damages for violations of TILA, a plaintiff must bring suit within one year from "the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Under § 1635, if the TILA disclosures are never made, the obligor has a continuing right to rescind and that right to rescind is not dependent upon the one-year statute of limitations period for a claim for damages. *Rudisell v. Fifth Third Bank*, 622 F.2d 243 (6th Cir. 1980). The obligor's continuing right of rescission "shall expire three years after the date of consummation of the transaction or upon sale of the property, whichever occurs first, notwithstanding the fact that" the required disclosures have not been made. 15 U.S.C. § 1635(f).

Pursuant to § 1635(a), Appellants had the right to rescind the February 29, 2000 transaction until "midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later." *Id.* § 1635(a). To state a claim for rescission of the February 29, 2000 transaction after that three-day period had elapsed, Appellants must plead facts that establish that EquiCredit failed to inform them of their right to rescind the transaction or failed to make the other required TILA disclosures. *See Rudisell*, 622 F.2d at 251 ("[Appellants] only have a right to rescind after the three day period has passed if the right to rescind was not disclosed or if other material disclosures were not made as required."). As to the claim of rescission under TILA, we agree with the district court that the facts alleged are not sufficient to state a claim upon which relief can be granted.

The Appellants do not allege that EquiCredit failed to notify them of their right to rescind or that EquiCredit failed to make other required TILA disclosures. Instead, they conclude that EquiCredit's use of the incorrect form "constitut[ed] a material mis-disclosure which trigger[ed

8

their] extended right of rescission." (Appellants' Br. 20.)  Appellants equate the use of the incorrect form with the failure to notify them of their right to rescind.  But as the district court noted in its order granting EquiCredit's motion to dismiss, "[i]t is undisputed that Plaintiffs signed forms titled 'Notice of Right to Cancel,' which notified Plaintiffs that they had three days to cancel their loan agreements with Defendants."  The district court, assuming that the form used by EquiCredit was technically incorrect, held that the form nonetheless informed Appellants of their right to cancel the loan transaction.  We agree with this conclusion.  Although the standard for Rule 12(b)(6) dismissals is quite liberal, Appellants failed to plead facts that established their right to rescind the February 29, 2000 transaction beyond the three-day rescission period; therefore, the district court's dismissal of their TILA claim was proper.

## IV.    CONCLUSION

For the reasons stated above, we **AFFIRM** the decision of the district court.