William R. BARRETT,
et al., Plaintiffs,

v.

BANK ONE, N.A., et al., Defendants.

Civil Action Nos. 5:03–
34–JMH, 5:04–230.

United States District Court,
E.D. Kentucky,
Central Division at Lexington.

Sept. 27, 2007.

Katherine S. Sanford, Katherine K. Yunker, Yunker & Associates, Lexington, KY, for Plaintiffs.

Dustin E. Meek, James Robert Craig, Tachau Meek PLC, Louisville, KY, for Defendants.

## MEMORANDUM OPINION
## AND ORDER

JOSEPH M. HOOD, District Judge.

This matter is before the Court on cross motions for summary judgment on Plaintiffs' claims under 15 U.S.C. §§ 1635 and 1640 of the Truth in Lending Act ("TILA") relating to the right to cancel notice [Rec-

ord Nos. 161 and 168]. Having been fully briefed, the matter is now ripe for review.

## I. INTRODUCTION

The Court offered a thorough recitation of the facts in its previous Memorandum Opinion and Order [Record No. 89] which is adopted herein by reference. Only the facts pertinent to the disposition of these motions will be detailed.

In May 2000, Plaintiffs refinanced with Bank One a loan they had with National City Bank. Plaintiffs signed a note in the amount of $20,864.40, which refinanced their outstanding obligation to National City Bank and paid a credit life insurance premium of $2,404.40. In January 2001, Plaintiffs again refinanced with Bank One, consolidating several debts, including their May 2000 loan from Bank One. A note in the amount of $90,000 was executed on January 24, 2001. After Bank One paid itself $18,909 on the May 2000 loan and prepaid $3,187.50 in finance charges for the 2001 refinancing, Plaintiffs were given a new advance of $67,903.50. Plaintiffs incurred fees in connection with the 2001 refinancing, including an appraisal fee, a title examination fee, and a prepaid finance charge. These fees were rolled into the 2001 refinancing loan.

It is undisputed that at the January 24, 2001 closing, Plaintiffs reviewed and signed a document entitled "Notice of Right to Cancel" (the "Notice"). The Notice stated that the loan date was "1–24–2001" and that the principal amount of the loan was $90,000. The notice included sections entitled "Your Right to Cancel" and "How to Cancel." The pertinent language relating to the right to cancel is as follows:

> You are entering into a transaction that will result in a mortgage on your home. You have a legal right under federal law to cancel the transaction without cost within three (3) business days from whichever of the following events occurs last:
>
> (A) the date of the transaction which is January 24, 2001; or
>
> (B) the date you received your Truth in Lending disclosures; or
>
> (C) the date you received this notice of your right to cancel.
>
> If you cancel the transaction, the mortgage is also cancelled. Within twenty (20) calendar days after Lender receives your notice, Lender must take the steps necessary to reflect the fact that the mortgage on your home has been cancelled, and Lender must return to you any money or property you have given to Lender or to anyone in connection with this transaction.
>
> You may keep any money or property Lender has given you until Lender has done the things mentioned above. Then you must offer to return the money or property Lender has given you. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to Lender's address shown below. If Lender does not take possession of the money or property within twenty (20) calendar days of your offer, you may keep it without further obligation.

It is also undisputed that Plaintiffs sent two letters to Bank One, dated September 24, 2002 and November 12, 2002, requesting rescission of the January 2001 refinancing. Bank One admits that it failed to rescind the loan after receiving the letters, stating that Plaintiffs' rights to rescind had expired.

The parties also do not dispute that the language of the Notice tracked the language contained in the Federal Reserve Board's model form H–8. Form H–8 dis-

closes a borrower's rights to cancel under the TILA when, as part of the loan, the lender obtains a security interest in the borrower's primary residence. Form H–8 is traditionally given to a borrower purchasing a home for the first time, rather than refinancing an existing home loan with the same lender.

Plaintiffs claim that because Bank One used form H–8 at closing, instead of form H–9 which is typically used when the borrower is refinancing an existing home loan with the same lender, they did not receive "clear and conspicuous" notice of their right to cancel, as required by 15 U.S.C. § 1635. Bank One is of the opinion that its Notice complied with the TILA and clearly and conspicuously informed Plaintiffs of their right to cancel. This is a question of law, and both parties have moved for summary judgment on the issue.

## II. STANDARD OF REVIEW

A grant of summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

The moving party bears the initial burden to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). This burden is met simply by showing the court that there is an absence of evidence on a material fact on which the nonmoving party has the ultimate burden of proof at trial. *Id.* at 325, 106 S.Ct. 2548. The burden then shifts to the nonmoving party to "come forward with some probative evidence to support its claim." *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir.1994). A material fact is one that may affect the outcome of the issue at trial, as determined by substantive law. *Celotex*, 477 U.S. at 325, 106 S.Ct. 2548.

When determining if summary judgment is proper, the Court's function is not to weigh the evidence, but to decide whether there are genuine factual issues for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Multimedia 2000, Inc. v. Attard*, 374 F.3d 377, 380 (6th Cir.2004). A genuine dispute exists on a material fact, and thus summary judgment is improper, if the evidence shows "that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505; *Summers v. Leis*, 368 F.3d 881, 885 (6th Cir.2004). The evidence should be construed in the light most favorable to the nonmoving party when deciding whether there is enough evidence to overcome summary judgment. *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505; *Summers*, 368 F.3d at 885. While this Court must draw all inferences in a light most favorable to the plaintiff, summary judgment may be granted "if the record, taken as a whole, could not lead a rational trier of fact to find for [the plaintiff]." *McKinnie v. Roadway Express, Inc.*, 341 F.3d 554, 557 (6th Cir.2003) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)).

## III. ANALYSIS

The TILA and its implementing regulations require that when a creditor takes a security interest in a consumer's principal dwelling, the creditor must clearly and conspicuously disclose the consumer's right to rescind or cancel the loan. 15 U.S.C. § 1635; 12 C.F.R. § 226.23. With a non-purchase money mortgage transaction like the Plaintiffs' January 2001 refinance, the consumer can cancel the transaction

"until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later." 15 U.S.C. § 1635. In the event that a creditor does not provide all material disclosures, including proper notice of the right to cancel, the consumer has the right to cancel the loan for three years from the date of consummation of the loan. 15 U.S.C. § 1635(f). In a refinancing with the same creditor, the consumer's right to cancel is only as to the new money or new advance portion of the loan. 15 U.S.C. § 1635(e); 12 C.F.R. § 226.23(a).

 The disclosure obligations required by the TILA are delineated in Regulation Z, 12 C.F.R. § 226.23. The section entitled "Notice of Right to Rescind" states as follows:

(1) In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind (one copy to each if the notice is delivered by electronic communication as provided in § 226.36(b)). The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(i) The retention or acquisition of a security interest in the consumer's principal dwelling.

(ii) The consumer's right to rescind the transaction.

(iii) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(iv) The effects of rescission, as described in paragraph (d) of this section.

(v) The date the rescission period expires.

(2) Proper form of notice. To satisfy the disclosure requirements of paragraph (b)(1) of this section, the creditor shall provide the appropriate model form in Appendix H of this part or a substantially similar notice.

12 C.F.R. § 226.23(b). The crux of the issue at hand is whether form H–8, which was proffered by Bank One and signed by Plaintiffs at the closing of the January 2001 refinancing, satisfied the requirements of a notice of the right to rescind. In evaluating a rescission notice, the disclosure requirements are to be construed liberally in favor of the borrower. *Begala v. PNC Bank, Ohio, Nat. Ass'n*, 163 F.3d 948, 950 (6th Cir.1998).

The Federal Reserve Board promulgates model forms for use in connection with the TILA disclosures. Form H–8 is typically used in connection with the first-time purchase of a home, while form H–9 is contemplated for use in connection with refinancing. The pertinent provisions of H–8 were quoted above. Form H–9 states, in pertinent part, as follows:

If you cancel this new transaction, it will not affect any amount that you presently owe. Your home is the security for that amount ... You may keep any money we have given you in this new transaction until we have done the things mentioned, but you must then offer to return the money at the address below.

Although the forms are recommended for use in particular situations, the TILA states that "[n]othing in this subchapter may be construed to require a creditor or lessor to use any such model form or clause prescribed by the Board under this section." 15 U.S.C. § 1604. This proclamation tracks Regulation Z which states that, "[t]o satisfy the disclosure requirements of [the notice of right of rescind], the creditor shall provide the appropriate model form in Appendix H of this part *or a*

*substantially similar notice."* 12 C.F.R. § 226.23(b)(2)(emphasis added). Therefore, the precise issue this Court must address is whether or not form H–8, as used by Bank One during the closing of Plaintiffs' January 2001 refinancing, provided Plaintiffs with "substantially similar notice" as form H–9 would have. If so, Bank One rightfully refused Plaintiffs' requests to rescind the loan. If not, Plaintiffs had three years from the consummation of the loan in which to rescind, and Bank One wrongfully refused to rescind the loan upon receiving Plaintiffs' timely requests for rescission.

Bank One's Notice contained all of the information required by 12 C.F.R. § 226.23(b)(1). The Notice stated that the loan would "result in a mortgage on your home," in compliance with 12 C.F.R. § 226.23(b)(1)(i). The Notice's language that "[y]ou have a right under federal law to cancel the transaction without cost," complied with 12 C.F.R. 226.23(b)(1)(ii)'s requirement that a notice of the right to rescind shall clearly and conspicuously disclose the "consumer's right to rescind the transaction". The Notice goes on to describe how Plaintiffs could exercise their right to rescind, the effects of rescission, and the date the rescission period expires, all in compliance with 12 C.F.R. § 226.23(b)(1)(iii)-(v). Importantly, at the top of the Notice, the loan date is listed as "01–24–2001." The January 24, 2001, loan was clearly the loan the Notice was referring to when it delineated Plaintiffs' rights to cancel the loan and how to accomplish cancellation. No reasonable consumer would have reason to believe that the right to cancel would have any effect on the May 2000 loan from Bank One. As several courts have decided, the simple fact that the Notice more closely modeled the language in form H–8 instead of form H–9 does not indicate that Plaintiffs were deprived of their right to clear and conspicuous notice of their right to cancel.

The Sixth Circuit addressed a substantially similar issue in *Mills v. EquiCredit, Corp.,* 172 Fed.Appx. 652 (6th Cir.2006)(unpublished). In *Mills,* the appellants claimed, among other things, that Equicredit "had not made the required TILA disclosures prior to their rescission on November 26, 2002 because (1) the Notice of Right to Cancel form was the wrong notice for a refinancing transaction." *Id.* at 654. The district court found that even if Equicredit had used the wrong form, as appellants alleged, the form used nonetheless informed appellants of their right to cancel. *Id.* The appellants' argument in *Mills* sounds strikingly similar to Plaintiffs' argument in the instant case. The appellants in *Mills* did not contest that they signed a notice of the right to cancel; however, they argue that "Equi-Credit's use of the incorrect form constituted a material mis-disclosure which trigger[ed their] extended right of rescission." *Id.* "Appellants equate the use of the incorrect form with the failure to notify them of their right to rescind." *Id.*

Noting the district court's finding that "[i]t is undisputed that Plaintiffs signed forms titled 'Notice of Right to Cancel,' which notified Plaintiffs that they had three days to cancel their loan agreements with Defendants," the *Mills* Court agreed with the district court that "assuming that the form used by Equicredit was technically incorrect ... the form nonetheless informed Appellants of their right to cancel the loan transaction." *Id.* at 657. Although the *Mills* Court did not mention the specific model forms at issue, this Court finds their reasoning dispositive of the issue in the present case. Despite the fact that Bank One's Notice was modeled after form H–8, instead of H–9 which is typically used for refinances with the same creditor, the Notice used by Bank One clearly and conspicuously notified Plaintiffs of their right to cancel. Contrary to

Plaintiffs' argument, nothing in the Sixth Circuit's earlier decision in this case, *Barrett v. JP Morgan Chase, N.A.*, 445 F.3d 874 (6th Cir.2006), affects the Court's decision in *Mills*. In *Barrett*, the Sixth Circuit clearly stated that "[i]t remains to be seen whether the bank violated the Act's disclosure requirements, an issue that the district court did not reach." *Id.* at 882.

Despite Plaintiffs' argument to the contrary, the Sixth Circuit does not appear to impose a more strict standard on creditors who violate the TILA. The Court's statement in *Begala* that "[the TILA] was enacted to promote the informed use of credit by consumers by requiring meaningful disclosure of credit terms," *Id.* at 951, does not indicate an intention of this Circuit to hold creditors to a higher standard than other circuits when determining whether disclosures pass muster under the TILA. The *Begala* Court's statement was simply a reiteration of the purpose of the TILA as stated by the TILA itself. *See* 15 U.S.C. § 1601.

Other circuit courts have reached the same conclusion as did this Circuit in *Mills*. In *Veale v. Citibank, F.S.B.*, 85 F.3d 577 (11th Cir.1996), the Court reviewed the "clearly and conspicuously" language of 15 U.S.C. § 1635 and concluded that Citibank's use of a notice of the right to cancel modeled after form H–8, instead of H–9, in a refinancing situation provided the Veales with clear and conspicuous notice. *Id.* at 580. In *Santos–Rodriguez v. Doral Mortgage Corp.*, 485 F.3d 12 (1st Cir.2007), the Court held that a creditor complied with the TILA's requirement of clear and conspicuous notice of the right to cancel by providing the consumers with a form H–8 when it refinanced a prior loan. *Id.* at 17–18.

Because Bank One did not wrongfully refuse to rescind Plaintiffs' loan, Plaintiffs' claim under 15 U.S.C. § 1635 for failing to clearly and conspicuously inform them of their right to cancel, fails; therefore, Bank One is entitled to summary judgment on the issue. Plaintiffs claim for statutory damages under 15 U.S.C. § 1640 also fails as to the right to cancel. 15 U.S.C. § 1640 imposes civil liability on those who violate the requirements of the TILA. As Bank One did not violate the TILA as to the notice of right to cancel, Plaintiffs' § 1640 claim must also fail.

As the Court reads Plaintiffs' response and reply brief [Record No. 172], Plaintiffs suggest that even if the Court determined that the Notice used by Bank One clearly and conspicuously apprised Plaintiffs of their right to cancel the loan, they are nonetheless entitled to avail themselves of 15 U.S.C. § 1635(f)'s three year time period for rescission because Bank One did not provide Plaintiffs with copies of the TILA disclosures until after the closing. *See* Record No. 172 at 2, n. 2. Plaintiffs reference paragraphs 59 and 60 of their Complaint. Such paragraphs state:

59. With respect to the Bank One II refinancing, Defendant Bank One failed to make material disclosures required by the Truth in Lending Act, 15 U.S.C. § 1631 and Reg. Z, 12 C.F.R. § 226.18 in that, as a result of the overcharges, the amount financed, the finance charge and the APR listed on the TIL disclosure are inaccurate.

60. With respect to the Bank One I and Bank One II refinancing transactions, Defendant Bank One failed to provide the disclosures required under HOEPA, 15 U.S.C. § 1639 and Reg. Z, 12 C.F.R. § 226.23(c).

Nothing in these paragraphs references Bank One's alleged untimely delivery of the disclosures, and as such, the Court fails to see what "other grounds will need to be tried" as to the notice of the right to cancel.

## IV. CONCLUSION

Accordingly, and for the foregoing reasons, **IT IS ORDERED:**

(1) That Plaintiffs' motion for summary judgment on the TILA claim [Record No. 161] be, and the same hereby is, **DENIED;** and

(2) That Defendant's motion for partial summary judgment on the TILA claim [Record No. 168] be, and the same hereby is, **GRANTED.**