NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0228n.06

Case No. 11-3718

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Mar 26, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| OWNERS INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| JOHN BARONE, II, | ) | DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | O P I N I O N |

BEFORE:     DAUGHTREY, COLE, and WHITE, Circuit Judges.

PER CURIAM. Owners Insurance Company appeals an order granting a partial motion for summary judgment in favor of John Barone, II. Barone holds a homeowners insurance policy issued by Owners. The policy was in place in June 2008, when Barone had a new Mastercraft speedboat, a wakeboard, and other accessories delivered to his Florida home. The next month, Jessica Merritt was injured while riding the wakeboard as Barone drove the boat. Merritt brought suit against Barone alleging that her injuries were attributable in part to his negligence. Shortly after that, Barone informed Owners of the new boat and of the accident. Owners began defending Barone in Merritt's suit under a reservation of right, but the company brought its own suit asking the district court to declare that it had no duty to defend Barone under

the insurance policy. Owners and Barone filed cross-motions for summary judgment. The court

found that the policy entitled Barone to a defense in Merritt's suit, and we affirm.

We review a district court's grant of summary judgment de novo. *Tysinger v. Police*

*Dep't of City of Zanesville*, 463 F.3d 569, 572 (6th Cir. 2006). A motion for summary judgment

should be granted if the movant demonstrates that there is no genuine dispute of material fact and

the movant is entitled to judgment as a matter of law. *Id.*; Fed. R. Civ. P. 56(a). We view the

facts and draw all inferences in the light most favorable to the non-moving party. *McKinnie v.*

*Roadway Express, Inc.*, 341 F.3d 554, 557 (6th Cir. 2003) (citing *Matsushita Elec. Co. v. Zenith*

*Radio Corp.*, 475 U.S. 574, 587 (1986)). To establish a genuine dispute of fact for trial, the non-

moving party must point to evidence on the record upon which a reasonable finder of fact could

find in its favor. *Id.*

Under Ohio law, ambiguous contract terms are "construed strictly against the insurer and

liberally in favor of the insured." *King v. Nationwide Ins. Co.*, 519 N.E.2d 1380, 1383 (Ohio

1988). The district court found the insurance policy language ambiguous with regard to whether

the wakeboard was covered and therefore interpreted the policy in Barone's favor. The court

then held that Owners has a duty to defend Barone from all of Marritt's claims arising out of the

accident, and that Owners must indemnify Barone for any damages arising from the use and

defectiveness of the wakeboard.

Because the persuasive reasoning that supports this decision has been clearly and

thoroughly articulated by the district court in its opinion, a detailed written opinion from this

court would be unnecessarily duplicative. We affirm the Memorandum Opinion issued on June

6, 2011, on the basis of the reasoning contained therein.